The State v. Robbins.

Filed June 17, 1890.

---

No. 15,107.

## THE STATE v. ROBBINS.

GAMING. — *Gaming Implements.—Seizure of by Sheriff. — Order of Court.—* Gaming devices seized and taken into the possession of the sheriff at the time of making the arrest of one charged with unlawfully keeping and exhibiting gaming implements for gain, are subject to the order of

the court the same as if taken by virtue of a search warrant in the hands of a constable, and afterwards delivered to the sheriff.

SAME.—*Gaming Apparatus.*—*Summary Destruction of.*—Unless articles seized are of such a character that the law will not recognize them as property entitled as such to its protection under any circumstances, they can not be summarily destroyed without affording the owner an opportunity to be heard upon the subject of their unlawful use, and to show whether or not the articles are intrinsically useful or valuable for any other purpose than gambling, or whether their only recognized value and customary use are as implements for gaming.

SAME.— *Order for Destruction of Gaming Implements.* — *Application for.* — *When Must be Made.*—*Jurisdiction.*—The application for the order for the destruction of the gaming devices seized must be made before or at the time the judgment is pronounced. After having pronounced final judgment the court has no jurisdiction to enter upon an inquiry concerning the character of the property, and make an order for its destruction.

From the Cass Circuit Court.

*L. T. Michener,* Attorney General, *J. W. McGreevey,* Prosecuting Attorney, *D. H. Chase* and *J. H. Gillett,* for the State.

MITCHELL, J.—Upon information of the prosecuting attorney within and for the county of Cass, Sydney Robbins was arrested upon the charge of unlawfully keeping and exhibiting for gain, and for the purpose of winning money thereon, a roulette table and wheel, and a faro table and box for dealing cards, contrary to the provisions of section 2086, R. S. 1881.

The sheriff took the defendant into custody upon a warrant, upon which the officer made return, among other things, that he had seized one faro table complete, and one roulette table complete, adding that he had seized the devices above named on sight, while a game was in progress. The defendant appeared in court on the 10th day of May, 1889, and pleaded guilty, and a fine of $25 was assessed against him. Afterwards, on the 27th day of May, 1889, the prosecuting attorney moved the court for an order directing the sheriff to destroy the gaming apparatus or devices theretofore seized

and remaining in the possession of the officer.   Thereupon Robbins appeared and moved the court for an order directing the sheriff to return the property to him.   The court overruled the motion of the prosecutor, and ordered that the property be returned to the owner.   From these several rulings this appeal is prosecuted by the State.

It is provided in section 2086, in substance, that whoever keeps or exhibits for gain, or to win or gain money, any gaming table, or any apparatus, device, or machine of any kind or description, for the purpose of betting or gaming, shall be fined, etc.   Provision is made in the code regulating criminal procedure, whereby upon proper affidavit justices of the peace are authorized to issue warrants to search any house or place for, among many other things, "any gaming table, establishment, device, or apparatus kept or exhibited for the purpose of unlawful gaming," etc.   It is provided when the warrant is executed by the seizure of the property or things described therein, that the property or things shall be delivered by the justice to the sheriff, to be securely held by him " subject to the order of the court trying the offender," and upon conviction of the person offending, the sheriff shall forthwith destroy, or cause to be destroyed, the apparatus, devices, etc., used for unlawful purposes; and as to all other property, " he shall, after such conviction, deliver the same, under the order of the court trying the offender, to the proper owner thereof."

On behalf of the State it is insisted that it was the duty of the court to order the destruction of the gaming devices, for the unlawful keeping and exhibition of which the owner had been convicted, and which had been taken by the sheriff, in whose custody they remained.

We have no doubt of the authority of a sheriff, or other officer authorized to make arrests, to seize articles which he knows, or has good reason to believe, are being employed in violating the criminal law, or as instruments for the commission of crime.   Things which may supply evidence of

an offence of which one has been accused may be taken into the possession of the officer making the arrest, to be disposed of under the direction of the court.  1 Bishop Crim. Proc., sections 210, 211.  An officer has no authority to take money from the person of a prisoner, or to take from him any other property or thing, unless it is in some way connected with the crime with the commission of which he is charged, or unless it renders his arrest or detention hazardous, or might facilitate his escape.  It is not only the right, but it is the duty of every peace officer to seize any property or thing that is being used in the commission of crime, or in the violation of law enacted for the protection of the health, morals and welfare of the community.  *Spalding* v. *Preston*, 21 Vt. 9.

The gaming devices in question having been lawfully seized and taken into the possession of the sheriff, they were as properly subject to the order of the court trying the offender as they would have been in case they had been seized by a constable armed with a search warrant, and afterwards turned over to the sheriff.  The statute authorizing the issuance of search warrants was designed as a means of discovering and securing possession by the officers of the law of articles or things the use or exhibition of which was immoral and unlawful.

If, without resorting to the statute, the proper officer of the court obtained possesion of the articles, or things, used in the commission of a crime, in some other manner equally lawful and legitimate, the jurisdiction of the court over the subject would be the same as if it had been first taken by a search warrant, and turned over to the sheriff.  In other words, so far as the court has jurisdiction over the property or thing, its jurisdiction depends upon the fact that the apparatus shall be properly in the custody of the sheriff, when the offender is before the court for trial, and not that he shall have obtained the custody by means of a search warrant. The material part of the statute in that regard is, that the

thing seized shall be securely held by the sheriff, subject to the order of the court trying the offender. No definite, or precise mode of procedure is pointed out by the statute in order to enforce the forfeiture of the things seized. The provision is that the sheriff shall securely hold the articles seized, " subject to the order of the court trying the offender," and, upon conviction of the person offending, destroy, or cause to be destroyed, the articles used for unlawful purposes.

The inquiry then is, was it necessary in order to warrant the destruction of the property that an order to that effect should have been made by the court, and if it was, had the court jurisdiction to make it after the case was ended?' It is fundamental that no person can be deprived of any article, which is recognized by the law as property, without a judicial hearing, after due notice. No degree of misconduct, or wrong, can justify the forfeiture of the property of a citizen, except in pursuance of some judicial procedure, of which the owner shall have notice, and in which he shall have the opportunity to contest the ground upon which the forfeiture is claimed. *Lowry* v. *Rainwater*, 70 Mo. 152 (35 Am. Rep. 420) ; *People* v. *Copely*, 4 Crim. Law Mag. 187 ; 8 Am. & Eng. Encyc. of Law, 1081.

There are, however, some articles which can not be kept, exhibited, or used for any lawful or innocent purpose, such as spurious coin or bills, obscene pictures, books or prints, and other articles or devices, the exhibition, use, or possession of which, in any form, and under all circumstances, is unlawful or corrupting, and prejudicial to public morals or health. Such articles are regarded as nuisances *per se.* Property can not exist in them, and an officer into whose hands they come may be authorized by statute, or ordinance, to destroy them summarily, without process. It has been held, however, that such articles can not be destroyed by an officer in the absence of a law, or ordinance, authorizing their destruction. *Ridgeway* v. *West*, 60 Ind. 371.

There are other articles which are not in and of themselves nuisances, which may be used for an illegal or immoral purpose, and which may yet be regarded as property. It may be a question whether implements or articles seized, in a particular case, are honest, lawful tools, or things for innocent amusement, or whether they are devices for counterfeiting, burglar's tools, or apparatus for gambling. Differences of opinion may arise as to the character of books or prints. As has been said: " Pictures and illustrations, that might be considered unobjectionable in scientific and philosophical treatises upon medicine and surgery, might be highly indecent and immoral if intended for public circulation. Some of the finest works of art in painting and sculpture, though greatly admired by artists and critics, might be considered by a portion of the community as wholly improper for public exhibition." *Attorney General* v. *Justices, etc.,* 103 Mass. 456.

In many instances property may or may not exist in a thing, according to the use to which it is, or may be applied, or the purpose for which it is kept or exhibited, or the intrinsic value of the materials out of which it is constructed. Gaming apparatus may be made of valuable material, capable in some other form of being applied to useful and lawful purposes, or it may be used for innocent and harmless amusement in the form in which it exists. It can not always be determined by inspection, or declared as matter of law, that articles used for the illegal and immoral purpose of gaming, may not also be used for innocent and lawful purposes, or that in honest hands they may not constitute lawful merchandise. Unless, therefore, articles seized are of such a character that the law will not recognize them as property, entitled as such to its protection, under any circumstances they can not be summarily destroyed without affording the owner an opportunity to be heard upon the subject of their unlawful use, and to show whether or not the articles are intrinsically useful or valuable for any other

purpose than gambling, or whether their only recognized value and customary use are as implements for gaming.

If upon inquiry by the court trying the offender it should appear that the property seized is such as is of no substantial or practical use or value except in connection with a gambling-room, or if the use to which it is customarily devoted by the owner is unlawful gaming, its destruction should be ordered upon application to the court, as part of the judgment in the case, provided the defendant be found guilty, and as to all other property seized, that is such as is adapted to a lawful use, it should be ordered returned to the owner, in accordance with the provisions of section 1623, R. S. 1881; *Commonwealth* v. *Gaming Implements*, 119 Mass. 332; *Attorney General* v. *Justices, etc., supra*.

This last section, so far as applicable to gaming apparatus or devices, is to be construed in connection with section 2086. When so construed it is apparent that the inquiry in respect to the character of the property seized, and "the order of the court trying the offender," referred to in section 1623, must be made by the court before or at the time final judgment is pronounced against the defendant. The destruction of the implements employed in the commission of the crime must be regarded as, in some sense, a part of the penalty to be adjudged by the court against the offender, and the order of forfeiture must be part of the judgment pronounced in the case. After the penalty has been assessed, and final judgment has been pronounced, and the case ended, the court can not again take jurisdiction upon a mere motion, and proceed with another hearing, and make another order enforcing punishment in the nature of an additional penalty against the defendant or his property.

The conclusion follows that, after having pronounced final judgment, the court had no jurisdiction to enter upon an inquiry and make an order for the destruction of the articles seized. The application should have been made before, or at the time, judgment was pronounced. The order for the

destruction of the property was, therefore, correctly refused, for the reason that it was made too late.

The judgment is affirmed.

Filed June 7, 1890.