# THE MUTUAL COMMISSION AND STOCK COMPANY

*v.*

## MOORE.

REPLEVIN; CRIMINAL LAW; EVIDENCE.

1. A court issuing a writ of replevin against the superintendent of police has the power to suspend the execution of the writ, upon its being made to appear that the property attempted to be replevied is held as evidence against persons charged with crime; and it is immaterial that the plaintiff is a corporation and not one of the parties charged with violating the law.
2. In such a case, proper practice requires that the property sued for be brought into court, to await its further order.

No. 793.   Submitted May 5, 1898.   Decided June 7, 1898.

HEARING on an appeal (specially allowed) by the plaintiff in an action of replevin from an order suspending the execution of the writ.   *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Edwin Forrest* and *Mr. Charles Bendheim* for the appellant.

*Mr. Henry E. Davis,* United States Attorney for the District of Columbia, and *Mr. D. W. Baker,* Assistant Attorney, for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an action of replevin brought by the appellant, the Mutual Commission and Stock Company, against William G. Moore, major and superintendent of the metropolitan police force of the District of Columbia, to recover certain articles of personal property mentioned in the de-

claration, alleged to have been wrongfully taken and unjustly detained by the defendant from the plaintiff. The articles sued for are the following: Four stock tickers, four cast-iron weights and wire cords, box and globe to each ticker; set of stock books of the Toledo Mining and Prospecting Co.; set of stock books of the Richmond Mining and Prospecting Co.; set of stock books of the Albany Mining and Prospecting Co.; set of stock books of the Dayton Mining and Prospecting Co.; two cast-iron weights, with wire cord, box and globe to each ticker; two transmitters, with letters and keys and boxes for same; one condenser; one automatic printing and recording machine; one thousand metal discs; one key for winding ticker; one cut plyer; one flat plyer; one gas plyer; two screwdrivers; three files; one box writing fluid. The defendant furnished the undertaking as required for the prosecution of the action, which was duly approved, and the writ was issued and placed in the hands of the marshal. The writ was not executed, but was returned by the marshal, with the statement endorsed thereon that its execution had been suspended by the order of the court until further order given.

It appears that the defendant, the major of police, appeared to the action before the writ was executed, and moved the court to suspend the execution of the writ of replevin, and as ground therefor, stated in an affidavit filed in the cause that he was officially advised and informed, and believed, that the articles enumerated in the declaration and writ of replevin had been taken, and were held, by subordinate officers and members of the police force, to be used as evidence 'in a certain criminal proceeding pending in the Police Court of this District, wherein James W. Pumphrey, Alfred I. Hussey, Frank Razin, John Wells, and Henry Engle were charged with conspiracy to defraud whomsoever they might be able, by means of the several articles mentioned, and through and by the operation of the same as a device and contrivance at which money might be bet and

wagered, in violation of the laws of the United States. The affidavit further states, that the parties just named were arrested on a warrant issued upon a charge of the crime stated, and were then awaiting a hearing of that charge; that afterwards, the persons who were actors in the crime charged, and who were carrying on business under the name of the Mutual Commission and Stock Company, an alleged corporation, became desirous of getting possession of the articles taken and held by the police, as evidence to support the charge made against them, and to accomplish that end, the Mutual Commission and Stock Company brought this action of replevin against the major and superintendent of police. In the affidavit it is stated that the property is in the hands of the officers of the United States, and therefore in the custody of the law, and will be used as evidence of the guilt of the parties accused at the trial of the charge against them. The affidavit further states that the parties named are charged with setting up a gambling table in violation of law, and which gaming table and gambling device was a fraudulent contrivance wherein the several articles enumerated were worked and operated with the object of indicating, for gambling purposes, fluctuations in the market value of the stocks of certain alleged mining companies in the affidavit named, which, it is alleged, had no value whatever. It is further stated in the affidavit that the plaintiff, as a corporation, has no real or legal existence, but the name is simply used as a cloak to the unlawful operations of the parties accused.

The plaintiff, in resistance of the motion to suspend the execution of the writ, filed affidavits of the accused parties in which they admit certain matters set out in the affidavit of Major Moore, but they deny that the affiants, when arrested by the police, were actually committing or doing any of the unlawful acts charged to have been done, and they state that no warrant was presented to them at the time of their arrest. They also, in their affidavits, contend that

the property taken was taken without authority of law, but the affiants do not deny the fact that they were charged with crime, and that the articles set out in the declaration and writ of replevin are held to be used as evidence against them. There is no affidavit filed by Frank Razin, a co-defendant in the criminal charge, and it is not stated in any of the affidavits under what circumstances he was arrested, and whether or not he had possession of the articles mentioned at the time of his arrest.

Upon the motion and the affidavits filed, the court ordered the suspension of the execution of the writ of replevin, until the further order to be made upon the subject; and from that order the plaintiff has been allowed a special appeal to this court under the statute.

There is no question as to the right of property involved; but the appeal presents two questions: First, as to the power and jurisdiction of the court over its process to order the temporary suspension of the execution of a writ of replevin, for any cause; and, second, as to the right of a police officer to seize and hold articles of personal property, found in the use and possession of parties accused of crime, for the temporary purpose of being used as evidence against such accused parties.

1. The plaintiff contends that inasmuch as it was required to enter into an undertaking for the due prosecution of the action of replevin, and that undertaking was accepted and approved by the court, there was no power in the court afterwards to stay or suspend the execution of the writ of replevin, even for a temporary purpose; and that the plaintiff was absolutely entitled to have the writ executed without stay or suspension, and to have the property delivered to it by the marshal. But this broad contention we do not think can be sustained without qualification. At the time when the undertaking of the plaintiff was accepted and approved by the court, and the writ was issued, the court was not informed of the circumstances under which the property was

13 Ct. App.—7

withheld from the plaintiff or those acting in its name; and therefore the court did not consider or pass upon the effect of those circumstances, as affecting the right of possession. The mere temporary suspension of the execution of the writ of replevin, to subserve a great public purpose, it may be a public necessity, is no denial of the right of property in the plaintiff; and the property being in the custody of the law, and retained for the promotion of public justice, the attempt to get the articles out of the possession of the officers of the law before they can be used in evidence against the parties accused, is an abuse or misuse of legal process, which the court will prevent upon proper application.

. The power of the court over its own process is fully and clearly illustrated by the quite celebrated cases of *Dawkins* v. *Prince Edward of Saxe Weimer*, and against *Wyngard*, and against *Stephenson*, 1 Q. B. Div. 499. In those cases, actions were brought, charging the defendants with conspiring to make, and making false statements, respecting the plaintiff, 'an officer in the army, to the commander-in-chief, whereby the plaintiff was placed on half pay. Upon application to stay the action as frivolous and vexatious, and an abuse of the process of the court, it was stated in the defendants' affidavits that the actions were for acts done by the defendants in the due course of their duty as members of a military court of inquiry, and this was denied by the plaintiff; and it was held that the action ought to be, and was, stayed, on the ground that it had been expressly and definitely decided that an action under such circumstances would not lie; and the attempt to recover of the defendants was but the abuse of process. Here the property attempted to be replevied and delivered to the plaintiff is in the custody of the law, and held for the purpose of supporting a public prosecution of the parties charged with the violation of law; and to allow the articles mentioned to be taken from the custody of the officers would likely defeat the prosecution, and therefore be an abuse or misuse of the process of the court.

There is nothing in the action of replevin that precludes the court from the exercise of power over its process to prevent it being abused or misused, if suffcient reason be shown for the action of the court. Even after the writ of replevin is executed, and the property claimed is delivered to the plaintiff under the writ, the court has full power given it by statute, upon motion of the defendant for a return of property, *to inquire into the circumstances and manner of the defendant's obtaining possession of such property*; and if the possession was rightfully obtained, and the property lawfully held by the defendant at the time it was replevied, the court is authorized to direct the return of the property to the defendant. Act of Md. of 1785, Ch. 80, Sec. 14; 2 Kilty L. Md. The manifest object of that provision of the statute is to prevent a wrong being done by taking the property out of the possession of the defendant before the right to possession in the plaintiff could be tried, and determined in regular course of proceeding. And if property could be adjudged to be returned to the defendant after the execution of the writ and the delivery of the property thereunder to the plaintiff, but before trial as to the right of possession, it is difficult to perceive a good reason why a temporary stay or suspension may not be ordered before the writ is executed, for adequate cause shown.

The articles sued for were not brought into court, to await the further order and direction of the court as future events might require, and for the protection of the rights of the parties, and the preservation of the property. Proper practice would seem to require that this should have been done in such case as the present. The omission, however, may be corrected by a further order of the court. In the case of *Pickering* v. *Truste*, 7 T. Rep. 53, certain public officers had seized articles of personal property for which they could not justify, and they were sued in trespass, and they desired to settle the matter and to have the suit stayed. The court said that in former times it was not the practice to

bring goods into court, but of late years the practice had changed, and it was then usual to grant such applications; and the case before the court was thought to be a proper one for the application of the practice. The officers, said the court, in seizing the goods in question, made a mistake, but no damage was suggested.

2. But it is objected, that the plaintiff here claiming the property and suing out the writ of replevin, is a corporation, and not the party accused of violating the law; that the taking of the property by the police officers was an invasion of the right of property of the plaintiff; and that the property was seized and taken by the officers without warrant and without due process of law; and therefore it is improperly and unlawfully withheld from the plaintiff. Whether the conclusion here stated is maintainable or not, is the material question to be decided on this appeal.

In the affidavit of the major and superintendent of police, heretofore referred to, it is stated that the plaintiff, the alleged corporation, is composed of and controlled by the persons arrested as violators of the law, and their associates, and that it has no existence for any valid or lawful purpose whatever, and that its name is used by them merely as a cloak in furtherance of their criminal designs; and that Pumphrey, as the professed agent of such alleged corporation and one of the parties accused and arrested, is the party who made the affidavit filed with the declaration and in support thereof. If there be no mistake in the averments of this affidavit as to the illegality or non-existence of the alleged plaintiff, it would follow that the parties using the name have been practicing a gross fraud and deception upon the community.

But suppose the articles seized by the officers and sought to be replevied do belong to the plaintiff as a corporation, they do not the less furnish evidence against the parties accused, nor is it the less important that the evidence should be preserved in the control of the Government, to be used

at the trial of the alleged offenders.  If the articles have been placed in the possession of the violators of the law, and allowed to be used for an illegal purpose by them, the party claiming to be the owner of the articles can have no exemption from the general principle that subjects such articles to seizure and detention to be used as evidence against the offenders, when found to be in their possession, and used for an unlawful purpose.  The seizure and temporary retention of articles, so found in the unlawful use of parties engaged in violating the criminal law, is fully authorized as being within the police power of the Government, without respect to the ownership of the property.  The seizure and retention of the articles in no manner denies or affects the title of the true owner, but simply postpones his right of possession until the exigencies of the prosecution are satisfied.  *Simpson* v. *St. John*, 93 N. Y. 363.  And as was well said in the case just cited: "The plaintiff therefore shows no right to the immediate possession of the property as against the power of the court for police purposes.  The proceedings for the claim and delivery of personal property were not intended to repeal or render nugatory the police power of retention for purposes of public justice, and the owner's right of possession can not be enforced while the circumstances justify such retention."  It is not only the common practice, but the requirement of the common law, that articles which may supply evidence of guilt of a party accused, found in his possession or under his control, may be taken in possession by the officer officiating in making the arrest; and, indeed, it is the duty of such officer to take into his possession and retain such articles, subject to the power and direction of the court or justice having cognizance of the alleged crime.  This principle is one of necessity in the administration of the criminal law, and it is generally recognized by the courts of the country with few, if any, exceptions.  *Comm.* v. *Dana*, 2 Metc. (Mass.) 329;

*State* v. *Robins*, 124 Ind. 308; *Spalding* v. *Preston*, 21 Vt. 9; *Boyd* v. *United States*, 116 U. S. 623, 624.

We are, therefore, of opinion that there was no error in the order of the court below suspending the execution of the writ of replevin until the further order of the court, or until the purpose for which the articles are retained be gratified.

*Order affirmed and cause remanded.*