## FREEMAN ET AL. v. PIERCE ET AL.

[No. 21,863.   Filed April 18, 1913.]

1. CONSTITUTIONAL LAW.—*Due Process of Law.—Intoxicating Liquors.—Unlawful Sales.—Seizure.—Destruction.—Notice.*—The act known as the "Blind Tiger" law (Acts 1907 p. 27, §8338 *et seq.* Burns 1908) authorizing the seizure and destruction of intoxicating liquors kept for the purpose of unlawful sales, requires notice to all persons claiming ownership, including those found in possession, and gives the right to a hearing before the liquor is destroyed, and does not contravene §12, Art. 1, of the State Constitution, or §1 of the 14th amendment to the Federal Constitution, forbidding the taking of property without due process of law. p. 445.
2. APPEAL.—*Briefs.—Waiver of Error.*—Questions not presented in appellants' brief in compliance with Rule 22 of the Supreme Court are waived.   p. 446.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by Fred Freeman and others against Joseph E. Pierce and others. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*John W. Ewing, William H. Roose* and *Robert L. Mellen,* for appellants.

MORRIS, J.—Appellants were druggists at Bedford. A quantity of liquor was seized at their place of business, under a warrant issued under the provisions of the act approved February 13, 1907, known as the "Blind Tiger" law (Acts 1907 p. 27, §8338 *et seq.* Burns 1908). An action to replevy the liquor seized, was brought by appellants, against the officer, to whom the warrant was issued, on the theory that the act is unconstitutional, because due process of law is denied. The officer answered, averring the seizure, pursuant to the warrant. The action of the court, in overruling the demurrer, is assigned as error.

Appellants were found in possession of the liquor, and claimed title thereto. Their counsel say the act authorizes its destruction without notice to them.

This view is erroneous. The statute requires notice to all persons, including those found in possession, claiming ownership. §8342 Burns 1908, Acts 1907 p. 27, §6. *Regadanz* v. *State* (1908), 171 Ind. 387, 394, 86 N. E. 446; *Rose* v. *State* (1909), 171 Ind. 662, 666, 87 N. E. 103, 17 Ann. Cas. 228. Appellants were entitled to a notice and hearing, before the liquor was destroyed. *State* v. *Robbins* (1890), 124 Ind. 308, 24 N. E. 978, 8 L. R. A. 438; *State* v. *Derry* (1908), 171 Ind. 18, 23, 85 N. E. 765, 131 Am. St. 237, and cases cited. The statute expressly provides for the same, within the meaning of §12, article 1, of the Constitution of Indiana, and §1 of the 14th amendment to the Federal Constitution, which forbid the taking of property without due process of law. *Rose* v. *State, supra.*

The court correctly overruled the demurrer.

2.  A consideration of other questions presented, is waived by appellants' failure to comply with Rule 22 of this court. *Michaels* v. *State* (1912), 178 Ind. 676, 99 N. E. 788.

There is no error. Judgment affirmed.

NOTE.—Reported in 101 N. E. 478. See, also, under (1) 8 Cyc. 1106; 23 Cyc. 292; (2) 2 Cyc. 1014; 3 Cyc. 388. As to the validity under the 14th amendment, of laws regulating or prohibiting sales of liquor, see 35 Am. Dec. 333. For a discussion of the constitutionality of statutes providing for the forfeiture or destruction of liquors illegally kept, see 2 Ann. Cas. 245.