Burt Steven ANDERSON, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 4–783A212.

Court of Appeals of Indiana,
Fourth District.

Sept. 19, 1984.

Charles M. Crouse, Jr., Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

MILLER, Presiding Judge.

The State dismissed theft and burglary charges against appellant Burt Steven Anderson but, according to Anderson, failed to return to him personal property seized for evidentiary purposes. Anderson filed a sworn claim for the return of said property, and later a motion for summary judgment. The State only filed an unsworn answer to the claim, merely denying his allegations. The court denied the claim without any hearing, an action Anderson contends before us was an improper denial of his due process rights. We agree and reverse and remand for further proceedings.

### FACTS

In December, 1977, Anderson was charged by information with the burglary of a lumber company and the theft of a 1978 Camaro. In August, 1980, the court dismissed the charges when the prosecutor filed a motion to nolle prosequi the action because Anderson was incarcerated in a Michigan prison. On December 15, 1980, Anderson filed a sworn claim for the release of certain personal property, which had been seized as evidence for the State's case. Among the thirteen items listed were the 1978 Camaro, assorted tools, women's jewelry, a sleeping bag and blan-

ket, a sweatshirt, and a pair of women's boots. For the next two years, Anderson pursued his claim by filing other similar proceedings, *pro se* and by counsel, one of which, filed in January, 1982, was a motion for summary judgment accompanied by his affidavit claiming ownership. The court appropriately set the matter for hearing for May 10, 1982. The matter was continued without fixing another hearing date. No response of any kind was filed by the prosecutor in response to the motion for summary judgment. But eventually, on December 29, 1982, the prosecutor finally filed an unsworn answer to the claim, asserting the property did not belong to Anderson. No further proceedings were had, and on February 28, 1983, the trial court denied Anderson's claim *without hearing.* This appeal ensued.

## DECISION

The disposition of property seized for purposes of Anderson's prosecution was governed by IND.CODE 35–1–6–5.1 (Supp.1980) (now found at IND.CODE 35–33–5–5), which states in pertinent part:

"(c) Following the final disposition of the cause at trial level or any other final disposition:

(1) *Property which may be lawfully possessed shall be returned to its rightful owner, if known.* If ownership is unknown, a reasonable attempt shall be made by the law enforcement agency holding the property to ascertain ownership of the property. After ninety (90) days from the time: (i) the rightful owner has been notified to take possession of the property; or (ii) *a reasonable effort has been made to ascertain ownership of the property,* the law enforcement agency holding the property shall, at such time as it is convenient, dispose of this property at a public auction. The proceeds of this property shall be paid into the county general fund."

I.C. 35–1–6–5.1(c)(1) (Emphasis added); *Gore v. State,* (1983) Ind.App., 456 N.E.2d 1030. Anderson made a claim to certain property after his case was dismissed, declaring he was the rightful owner thereof. The trial court's action summarily denying this claim was error for two reasons. First, the denial of the claim without any evidentiary hearing on the merits was improper. In cases such as this, our supreme court has said:

"It is fundamental that no person can be deprived of any article which is recognized by the law as property without a judicial hearing, after due notice. No degree of misconduct or wrong can justify the forfeiture of the property of a citizen except in pursuant of some judicial procedure, of which the owner shall have notice, and in which he shall have the opportunity to contest the ground upon which the forfeiture is claimed."

*State v. Robbins,* (1890) 124 Ind. 308, 24 N.E. 978, 979.[1] In the absence of any evidence the property was destroyed because possession would be unlawful, *see* I.C. 35–1–6–5.1(c)(2), the rightful owner is entitled to possession.

Next we note there was a pending motion for summary judgment, which needed to be resolved before a hearing on the

1. In *State v. Robbins,* (1890) 124 Ind. 308, 24 N.E. 978, the State had seized a roulette wheel and a faro table from the criminal defendant. The defendant pleaded guilty to keeping gaming devices for profit and was fined. Thereafter, the prosecutor moved to have the property destroyed while the defendant moved for its return. Our supreme court declared that, unless property is clearly recognizable as contraband, the putative owner of seized property is entitled to a judicial hearing and must be given the opportunity to establish its lawful use. However, in this case, the supreme court deemed the trial court without jurisdiction over the gaming devices because the statute then in force required the determination to destroy be made during trial or in the judgment. The property was therefore ordered to be returned to the owner without hearing. Our current statute, IND.CODE 35–1–6–5.1(c)(1) clearly sustains the trial court's jurisdiction over the articles here, and because of *State v. Robbins,* Anderson was entitled to his due process rights.

merits could be set.[2]  Pursuant to *Otte v. Tessman*, (1981) Ind., 426 N.E.2d 660, a hearing, preceded by at least ten days' notice thereof, must be held.  We do not intimate Anderson is indeed entitled to the property (although the record at this stage reveals no probative evidence to the contrary).  All we resolve is (1) the trial judge acted contrary to law by failing to follow the mandate of Ind.Rules of Procedure, Trial Rule 56(C), which requires a hearing on a motion for summary judgment and (2) if there remains a genuine issue as to any material fact the court must conduct an evidentiary hearing to determine ownership.

Reversed and remanded.

CONOVER and YOUNG, JJ., concur.

---

**2.**  Ind. Rules of Procedure, Trial Rule 56 provides that the summary judgment procedure is afforded to a "party seeking to recover upon a claim."  T.R. 56(A).