Bill S. CONN, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 4–1083A342.

Court of Appeals of Indiana, Fourth District.

Aug. 19, 1986.

Rehearing Denied Oct. 8, 1986.

John O. Worth and C. Jack Clarkson, Clarkson & Worth, Rushville, for appellant.

Linley E. Pearson, Atty. Gen., and Latrialle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Bill S. Conn appeals his convictions by jury of nine counts of receiving stolen property, a Class D felony under IND.CODE 35–43–4–2. These convictions followed an extensive search of Conn's residence, the legitimacy of which Conn challenges on appeal.

We reverse and remand.

Acting on information they received from confidential informant Michael Andresen, Franklin and Fayette County Sheriff's deputies procured a search warrant in Franklin County, authorizing a search of Conn's mobile home and an adjacent trailer used as a storage shed. The warrant specified nine items of stolen property police believed to be in Conn's possession, including a color portable 19″ television, a large portable radio, a portable kerosene heater, a microwave oven, a Remington 12–gauge shotgun, two rifles, and two chainsaws.

Early on the morning of November 22, 1982, a contingent of fifteen to twenty officers from the state police and the Franklin and Fayette County Sheriff's departments, including "some reserve deputies that just had their trucks there to haul stuff out," assembled to execute the search warrant. Four trucks and a wrecker vehicle conveyed this gregarious search party to Conn's rural residence, which the officers searched for the ensuing four and a half to five hours. Their intensive search of Conn's mobile home and outbuildings quickly yielded the nine items specified in the warrant, all of which were large and readily discoverable. However, the search extended to closet shelves, beds, chair cushions, jewelry boxes, and a zippered suitcase. The executing officers seized some 254 items, including numerous firearms, cameras, jewelry, a truck and a tractor.

Two days later, the police returned with another search warrant and again seized a large inventory of property they believed to be stolen. Among many other items, the officers hauled away tool boxes, auto parts, and a Coleman stove on "a kind of hunch" they were stolen. The fruits of this second search were suppressed when the trial court deemed the warrant invalid on its face.

Police later determined some of the property seized in each of these searches was stolen; most of it was never identified as stolen property, however. State police apparently ignored a court order that they return to Conn property seized in the initial search.

In this appeal, Conn raises three issues regarding these searches and seizures:

1) whether the initial warrant inadequately described the place to be searched;

2) whether the trial court erred in admitting evidence seized during the search of his premises because police exceeded the scope of their authority under the warrant and conducted a general search in violation of the Fourth Amendment; and

3) whether the trial court erred in failing to enforce its order that the state return property seized in the course of these searches.

## I.

Conn first challenges the validity of the initial search warrant, alleging its failure to describe the location of his property

with sufficient specificity. Particularly, he complains that the text of the warrant omits any reference to the county and state in which his residence is located.

Conn correctly notes the constitutional requirements that a warrant must describe with particularity the place to be searched, and the persons or things to be seized. U.S. Const. amend. IV; Ind. Const. art. 1, § 11. A search warrant which vests the executing officer with discretion in these respects is void. *Mann v. State* (1979), 180 Ind.App. 510, 389 N.E.2d 352. The warrant before us, however, affords the defendant this constitutional protection.

Generally, a warrant sufficiently describes the place to be searched if the officer can with reasonable effort ascertain and identify the place intended. *Steele v. United States* (1925), 267 U.S. 498, 45 S.Ct. 414, 69 L.Ed. 757; *Watts v. State* (1982), Ind.App., 434 N.E.2d 891. The test is one of reasonableness; the Constitution does not require "elaborate specificity." *United States v. Ventresca* (1965), 380 U.S. 102, 108, 85 S.Ct. 741, 745–46, 13 L.Ed.2d 684; *United States v. Freeman* (7th Cir.1976), 532 F.2d 1098, 1100.

The warrant in this case incorporates the probable cause affidavit, which describes the place to be searched as follows:

> All of the above mentioned items with the exception of the two chain saws are located in a mobile home occupied by William Conn on Smokey Hollow Road about one half mile north of Duck Creek Road. The William Conn residence is a mobile home with a room added onto the front of said mobile home and is the first place on the left on Smokey Hollow Road off of Duck Creek Road. The two chain saws are located in a vacant mobile home that is located right next to the above described property and is situated perpendicular to the William Conn residence described above.

Conn does not appear to complain as to the specificity of the actual description of the location of his property and indeed that description vests no discretion in the executing officer. The designation of Conn's residence as "the first place on the left on Smokey Hollow Road off of Duck Creek Road" and about one half mile north of Duck Creek Road is sufficiently particular, as it would not allow police to mistake that residence for any other, unlike the warrants involved in the cases upon which Conn relies.

Rather, Conn primarily argues that the affidavit as incorporated in the warrant does not set forth the state and county in its text as does the form for such an affidavit prescribed by statute, IND.CODE 35–33–5–2(b):

> An affidavit for search substantially in the following form shall be deemed sufficient:
>
> STATE OF INDIANA
>
> COUNTY OF _____ } SS:
>
> A B swears (or affirms, as the case may be) that he believes and has good cause to believe (here set forth the facts and information constituting the probable cause) that (here describe the things to be searched for and the offense in relation thereto) are concealed in or about the (here describe the house or place) of C D, situated in the county of _____, in said state.
>
> Subscribed and sworn to before me this ___ day of ____, 19__.

He contends therefore that the warrant fails to comply with the form for search warrants prescribed by IC 35–33–5–3, and is unconstitutionally vague.

We do not believe this deviation from the statutory form amounts to substantial noncompliance with the statute such as would render the warrant invalid. The state and county appear twice on the face of the warrant, which also identifies the issuing judge as presiding in the Franklin Circuit Court. Under a reasonableness standard, one would logically infer that the place described in the warrant was located in Franklin County, Indiana, absent any indication to the contrary. Conn's argument speculating that police might go from county to county searching any and all resi-

dences located at other junctions of Smokey Hollow and Duck Creek Roads is without merit. We conclude the omission of which Conn complains creates no discretion in the execution of the warrant and is therefore not fatal to the validity of the warrant, which would enable the executing officer to ascertain with reasonable effort the precise location intended.

## II.

█ Conn also contends the trial court erred in admitting evidence seized during the November 22 search of his premises. Specifically, he argues that the police exceeded the scope of their authority under the warrant and conducted a general search in violation of his constitutional protection against unreasonable search and seizure. U.S. Const. amend. IV; Ind. Const. art. 1, § 11. His motion to suppress the evidence seized was denied, and the evidence was admitted over his objections at trial.

In determining whether an unreasonable search and seizure has occurred, we do not weigh the evidence. Rather, we examine the evidence most favorable to the ruling, together with any uncontradicted adverse evidence. *Holt v. State* (1985), Ind., 481 N.E.2d 1324, 1326; *Lance v. State* (1981), Ind., 425 N.E.2d 77, 78.

As previously mentioned, a search warrant must describe with particularity the items to be seized. U.S. Const. amend. IV; Ind. Const. art. 1, § 11. General warrants, authorizing seizure of any and all items, are therefore proscribed by both the United States and Indiana Constitutions. *Layman v. State* (1980), Ind.App., 407 N.E.2d 259, 261–62.

Conn contends that because the search warrant named only nine specific items and police seized approximately 254 items, the search constituted a general search. The record reveals that the search warrant was issued on the evening of November 21. Instead of conducting the search immediately, the police waited until the next day. Fifteen law enforcement officers were present at the Conn residence, and the

search lasted nearly five hours. Mrs. Conn testified the officers searched among other things, jewelry boxes and a zippered suitcase.

The state argues that the seizure of the 245 items not listed in the warrant was proper under the plain view doctrine established in *Coolidge v. New Hampshire* (1971), 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564, *reh. denied*, 404 U.S. 874, 92 S.Ct. 26, 30 L.Ed.2d 120. The plain view doctrine:

> Allows the police to seize items without a warrant if three requirements are met. First, the police officer must lawfully be in a place or position from which he can view the property seized. *Id.* Second, the items must be discovered inadvertently during the course of a valid search. *Id.* Finally, it must be immediately apparent to the officer upon discovery that the item is evidence of a crime or contraband. *Id.; Texas v. Brown* (1983), 460 U.S. 730, 737, 103 S.Ct. 1535, 1540, 75 L.Ed.2d 502, 510; *McReynolds v. State* (1984), Ind., 460 N.E.2d 960, 962.

*Hewell v. State* (1984), Ind.App., 471 N.E.2d 1235, 1238.

We conclude that, because the discovery was anticipated, the plain view doctrine is inapplicable in this case. In *Hewell, supra,* the court held the plain view doctrine inapplicable where, six or seven days prior to the search, an informant gave a statement to the police admitting he had stolen some silver articles and had sold them to the defendant. The court reasoned that the police expected to find the silver and therefore should have included it in the warrant. "When the police conduct a search authorized by a warrant which does not mention certain items the police expect to find during the search, reliance on plain view is pretense." *Hewell, supra* at 1239.

Likewise, in this case the police had prior information which gave them a reasonable expectation of finding items not listed in the warrant. Detective McQuinley testified that although the officers went to Conn's residence in search of the nine

items listed in the warrant, they had knowledge of many other burglaries for which their informant had acknowledged responsibility. McQuinley had with him a notebook indicating the items taken in those other burglaries. The police seized items if they were listed in the notebook. Assuming arguendo that the knowledge gained from the notebook made it readily apparent the items were stolen, the plain view doctrine still does not apply because the discovery was not inadvertent. The police anticipated discovering these items; therefore, the state's reliance on the plain view doctrine is pretense.

The rationale for allowing seizure of inadvertently discovered evidence is to avoid inconvenience to officers in having to procure another warrant. However, where the discovery is anticipated, no inconvenience would be imposed because the officers could merely list the anticipated items in the warrant. *Coolidge, supra* at 469–471, 91 S.Ct. at 2040–41. Since Officer McQuinley had in his notebook a list of items the police expected to find, inclusion of these items in the initial warrant would have imposed little, if any, inconvenience to the police.

"[T]he 'plain view' doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges." *Coolidge, supra* at 466, 91 S.Ct. at 2038. We conclude that the police conducted an unlawful general search of Conn's property. The trial court therefore erred in admitting unlawfully seized items into evidence over Conn's objections.

### III.

■ Finally, Conn complains of the state's failure to return items seized in the November 22 search of his property. Police never identified much of the seized property as stolen, but allegedly failed to return numerous items to Conn as the trial court ordered following his conviction. We agree with Conn's contention and remand with instructions in this regard.

As a matter of both constitutional and statutory law, Conn is entitled to the return of any property seized from his possession in the absence of a showing that it is stolen. A party from whom materials are seized in the course of a criminal investigation retains a protectible property interest in the seized materials. *United States v. Hubbard* (D.C.Cir.1980), 650 F.2d 293. Even if the seizure of property in this case were entirely lawful under the Fourth Amendment, "it is fundamental to the integrity of the criminal justice process that property involved in the proceeding, against which no Government claim lies, be returned promptly to its rightful owner." *Id.* at 303, *quoting United States v. Wilson* (D.C.Cir.1976), 540 F.2d 1100, 1103. The court, once its need for the property has terminated, has both the jurisdiction and the duty to return seized property. *Id.*

Specifically, the disposition of property seized for purposes of Conn's prosecution is governed by IND.CODE 35–33–5–5, which provides in relevant part:

(a) All items of property seized by any law enforcement agency as a result of an arrest, search warrant, or warrantless search, shall be securely held by the law enforcement agency under the order of the court trying the cause, except as provided in this section.

(b) Evidence that consists of property obtained unlawfully from its owner may be returned by the law enforcement agency to the owner before trial, in accordance with IC 35–43–4–4(h).

(c) Following the final disposition of the cause at trial level or any other final disposition:

(1) Property which may be lawfully possessed shall be returned to its rightful owner, if known. If ownership is unknown, a reasonable attempt shall be made by the law enforcement agency holding the property to ascertain ownership of the property. After ninety (90) days from the time:

(A) the rightful owner has been notified to take possession of the property; or

(B) a reasonable effort has been made to ascertain ownership of the property; the law enforcement agency holding the property shall, at such time as it is convenient, dispose of this property at a public auction. The proceeds of this property shall be paid into the county general fund.

(2) Property, the possession of which is unlawful, shall be destroyed by the law enforcement agency holding it sixty (60) days after final disposition of the cause.

(d) If any property described in subsection (c) was admitted into evidence in the cause, the property shall be disposed of in accordance with an order of the court trying the cause.

. . . .

This statute, like its predecessor, IND. CODE 35-1-6-5.1, sustains the trial court's continuing jurisdiction over property seized in the course of a criminal investigation. *See Anderson v. State* (1984), Ind.App., 468 N.E.2d 569. It codifies the common-law rule (*see State v. Robbins* (1890), 124 Ind. 308, 24 N.E. 978) requiring the return of such property to its rightful owner unless the property has been destroyed because its possession would be unlawful. *Id.*

Under IC 35-33-5-5(b), the items police seized from appellant in the November 24 search should have been returned prior to trial either to Conn, or if identified as stolen property, to the rightful owner. Having ascertained the unlawfulness of that search, the trial court so ordered following the suppression hearing. Under our holding in this appeal that the court erred in its ruling on the motion to suppress fruits of the November 22 search, all the seized property except for the nine items enumerated in the original search warrant should have been returned either to Conn or, if stolen, to the rightful owner. In any event, the statute requires all property seized from Conn to have been returned to its rightful owner following trial. IC 35-33-5-5(c).

The trial court attempted to comply with this statutory mandate. Following Conn's conviction, the court issued this order:

The Court is now advised that there remains [sic] numerous items of property seized as a result of the search of defendants [sic] premises on November 22, 1982, such property being held by the Indiana State Police. The Court now finds that those items that have been identified as belonging to persons other than the defendant shall be returned to those persons. All other property not identified as having ownership different than defendant shall be returned to defendant within thirty (30) days of this date.

The state police, demonstrating the same sensitivity to Conn's rights which has characterized this entire proceeding apparently declined to comply with this order, compelling Conn to file a motion for rule to show cause some two months later.

As the state points out, the record does not indicate this motion was ever set for hearing. We cannot agree, however, with the state's contention that Conn's failure to obtain a ruling on this motion preserves no issue for review. On the contrary, shortly after he filed his motion for rule to show cause, Conn renewed this issue in his motion to correct errors which the trial court denied. Given the court's affirmative duty to mandate the return of such property to Conn, we conclude the trial court erred in this respect. We, therefore, instruct the court upon remand to conduct such hearing if necessary to enforce its order as to any property not yet returned to Conn.

Accordingly, we reverse the judgment and remand this cause for a new trial.

CONOVER, P.J., and MILLER, J., concur.