BAKER, Judge,
dissenting.
I respectfully part ways with the majority's decision to grant the State's petition for rehearing. I embrace the general notion that in most cases where there is an "open" plea situation, the plea is silent on the issue of restitution, and the sentence is left entirely to the trial court's discretion, an award of restitution may be entered. Gil v. State, 988 N.E.2d 1231 (Ind.Ct.App.2013), Huddleston v. State, 764 N.E.2d 655 (Ind.Ct.App.2002).
Although I initially intended to grant the State's petition for rehearing in this ease, I note that Morris agreed to plead guilty to the lesser offense of class A misdemeanor OWI, to which the plea agreement to that offense made no mention of the payment of restitution. Morris v. *10 State, 985 N.E.2d 364, 366 (Ind.Ct.App.2013). And it is undisputed that the trial court's order of restitution regarding the payment of Jennifer's burial expenses pertained to the charge that was specifically dismissed under the plea agreement, i.e., operating a vehicle with a blood alcohol equivalent of .08 or more causing death, a class C felony. (Emphasis added). Id. at 365-66.
In my view, as we noted in our original opinion, applying the order of restitution to the class C felony charge that was dismissed as a part of the plea bargain was error. As a result, I vote to deny the State's petition for rehearing. Finally, I would emphasize-as does the majority-that "plea agreements ideally should be more artfully drafted in cases such as this if the State wishes to seek restitution." Op. at 9.