**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**DOUGLAS R. LONG**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CALVIN TURNER,       )
                      )
    Appellant-Defendant,    )
                      )
        vs.          )    No. 48A04-1403-CR-96
                      )
STATE OF INDIANA,     )
                      )
    Appellee-Plaintiff.     )

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable Angela Warner Sims, Judge
Cause No. 48C01-1207-FD-1280

**August 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BARTEAU, Senior Judge**

## STATEMENT OF THE CASE

Calvin Turner appeals the three-year aggregate sentence the trial court imposed upon his two convictions of theft, both Class D felonies. We affirm.

## ISSUES

Turner raises two issues, which we restate as:

I. Whether the trial court abused its discretion in sentencing him.

II. Whether his sentence is inappropriate in light of the nature of the offenses and his character.

In addition, the State raises a cross-appeal issue: whether Turner waived the right to appeal his sentence.

## FACTS AND PROCEDURAL HISTORY

Turner owned a commercial property and a residential property in Anderson, Indiana. In 2009, the City of Anderson shut off his electrical service at both properties due to unpaid debts. Subsequently, an employee in the City's utilities department learned that Turner had been telling people "he didn't have to pay a utility bill." Tr. p. 14. An investigation revealed that Turner had tampered with the electrical meters and utility poles at both of his properties, which had enabled him to receive electricity from the City for free over a span of almost two years. Turner's tampering placed people at risk of electrocution. He received a total of $10,537.10 of free electrical service at the two properties.

The State charged Turner with two counts of theft, both Class D felonies. In addition, the State filed a notice of intent to file a habitual offender enhancement.

2

The parties executed a plea agreement. Pursuant to the agreement, Turner promised to plead guilty to both counts of theft. The parties agreed that the sentence for each count would be served concurrently, but the term for each sentence, the total length of the sentence, and the amount of the sentence to be executed would be "open." Appellant's App. p. 42. The agreement further stated:

> The Defendant hereby waives the right to appeal any sentence imposed by the Court, including the right to appellate review of the sentence pursuant to Indiana Appellate Rule 7(B), so long as the Court sentences the defendant within the terms of this plea agreement. It is further agreed that the sentence recommended and/or imposed is the appropriate sentence to be served pursuant to this agreement and the defendant hereby waives any future request to modify the sentence under I.C. 35-38-1-17.

*Id.* at 43.

The trial court held a combined guilty plea and sentencing hearing. During the hearing, Turner stated that he read the plea agreement with his counsel prior to signing it. Turner also confirmed for the court that he signed it, and identified his signature. The Court discussed with Turner that "Counts I and II are, would be ordered to run concurrently." Tr. p. 6. Otherwise, "sentence would be open . . . to the Court. Meaning that the Court would make final determination as to your overall sentence in this case." *Id.* Turner stated that he understood those provisions.

Next, the State established a factual basis for the charges, and Turner agreed that he had committed the crimes as described. After hearing evidence, the court determined that his criminal history was an aggravating circumstance, and his guilty plea and remorse were mitigating factors. The court sentenced Turner to an aggregate sentence of three years, with one year suspended to probation. After announcing the sentence, the

3

court stated, "I do need to advise Mr. Turner that he does have a right to appeal the Court's decision as this was an open sentence and the Court exercised its discretion in determining an appropriate sentence." *Id.* at 45. Turner indicated he wanted to appeal, and the court appointed counsel to represent him. This appeal followed.

## DISCUSSION AND DECISION

### I. WAIVER OF RIGHT TO APPEAL

The State argues that Turner waived his right to appeal because the parties' plea agreement contains a waiver provision. As a general rule, where a plea agreement leaves sentencing to the trial court's discretion, a defendant is entitled to contest on direct appeal the merits of a trial court's sentencing decision. *Edsall v. State*, 983 N.E.2d 200, 204 (Ind. Ct. App. 2013). However, a defendant may waive his or her right to appellate review of the sentence imposed as part of a written plea agreement. *Creech v. State*, 887 N.E.2d 73, 75 (Ind. 2008). The content and language of the plea agreement, as well as the sentencing colloquy where necessary, govern the determination of the validity of a defendant's waiver. *Id.* at 76. The record must demonstrate that the guilty plea was made knowingly and voluntarily. *Morris v. State*, 985 N.E.2d 364, 366 (Ind. Ct. App. 2013), *clarified on reh'g*, 2 N.E.3d 7 (2013).

The waiver provision at issue here is broad, purporting to bar an "appeal [of] any sentence imposed by the Court." Appellant's App. p. 43. However, the waiver provision is contingent upon the sentence complying with the terms of the plea agreement. The plea agreement does not cap Turner's sentences, but holds that his sentences must run

concurrently and will otherwise be "open." *Id.* at 42. Turner told the trial court at sentencing that he had agreed to an "open" sentence, to be imposed by the court. Tr. p. 6.

The plea agreement is ambiguous because there is a conflict between the waiver provision and the parties' clearly-stated intent to leave sentencing "open." Ambiguities in plea agreements are generally construed against the State because the State ordinarily drafts them. *Morris*, 985 N.E.2d at 367. We thus construe the plea agreement against the State and conclude that Turner has not waived appellate review of his sentencing claims.

## II. AGGRAVATING AND MITIGATING FACTORS

Sentencing decisions are reviewed for an abuse of discretion. *Bethea v. State*, 983 N.E.2d 1134, 1139 (Ind. 2013). An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* A sentencing court may abuse its discretion by: (1) failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) omitting reasons that are clearly supported by the record and advanced for consideration, or (4) stating reasons that are improper as a matter of law. *Kimbrough v. State*, 979 N.E.2d 625, 628 (Ind. 2012).

Turner argues that the trial court did not give sufficient weight to his guilty plea and remorse. Our Supreme Court has held that the trial court has no obligation to weigh aggravating and mitigating factors against each other. *Anglemyer v. State*, 868 N.E.2d 482, 491 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218 (2007). Further, an appellant may not argue that the trial court erred by failing to "properly weigh" such factors. *Id.*

5

Turner next argues the court omitted mitigating factors that were advanced at sentencing and are clearly supported by the record. A court is not obligated to accept a defendant's claim as to what constitutes a mitigating circumstance. *Harman v. State*, 4 N.E.3d 209, 218 (Ind. Ct. App. 2014), *trans. denied*. An allegation that the trial court failed to find a mitigating circumstance requires the defendant to establish that the mitigating evidence is both significant and clearly supported by the record. *Id.*

Turner claims the trial court should have identified his poor health as a mitigating factor. During sentencing, the court said:

> The Court is mindful and it's unfortunate for you and as your attorney articulates, your health conditions, your financial conditions and we can all understand and give appreciation to that but the fact remains that there's accountability for this case and for the actions that you undertook knowingly, several years ago and today is about accountability and consequences to those actions.

Tr. pp. 40-41. Thus, the court did not overlook Turner's poor health, but considered it in the context of his criminal acts and discounted it as a mitigator. That decision was not an abuse of discretion.

Turner also asserts that his willingness to make restitution, his generally law-abiding life, and the fact that his crimes did not endanger persons should have been cited as mitigating factors. However, Turner concedes that these proposed mitigators "were not submitted by the parties." Appellant's Br. p. 7. Arguments raised for the first time on appeal are waived. *Patton v. State*, 990 N.E.2d 511, 514 (Ind. Ct. App. 2013).

Turner has failed to demonstrate that the court abused its sentencing discretion.

## III. APPROPRIATENESS OF SENTENCE

Article 7, section 4 of the Indiana Constitution authorizes independent appellate review of sentences. *Rice v. State*, 6 N.E.3d 940, 946 (Ind. 2014). This review is implemented through Appellate Rule 7(B), which states that we may revise a sentence, even if authorized by statute, if "after due consideration of the trial court's decision," the sentence is inappropriate "in light of the nature of the offense or the character of the offender."

The principal role of such review is to attempt to leaven the outliers. *Merida v. State*, 987 N.E.2d 1091, 1092 (Ind. 2013). Sentence review under Appellate Rule 7(B) is very deferential to the trial court. *Conley v. State*, 972 N.E.2d 864, 876 (Ind. 2012). The burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *Id.*

We first consider the sentence. At the time Turner committed his thefts, the maximum sentence for a Class D felony was three years, the minimum sentence was six months, and the advisory sentence was one and a half years. Ind. Code § 35-50-2-7 (2005). The trial court sentenced Turner to three years, with one year suspended to probation, on each count. The counts are to be served concurrently, for an aggregate executed term of two years.

Next, we consider the nature of the offense. The City turned off Turner's electrical service at two properties after he accrued over $7,000 in unpaid bills. Instead of addressing his debts, Turner chose to tamper with his electrical boxes and utility poles to arrange free electricity service. The thefts continued for almost two years at both

properties, allowing Turner to obtain $10,537.10 in free electricity. Turner's tampering with utility equipment posed a danger of electrocution to others.

Turning to Turner's character, he has a lengthy criminal record. He was fifty-three at sentencing, and he had accrued convictions for check deception, a Class A misdemeanor; criminal recklessness, a Class D felony; battery resulting in bodily injury, a felony; criminal deviate conduct, a felony; and invasion of privacy, a Class A misdemeanor. He has been placed on probation twice and violated the terms of probation both times. Turner argues that he has led a law-abiding life, but his criminal record does not support his argument. In addition, he stole electricity for almost two years at both of his properties, which further undermines his argument.

Turner claims that his guilty plea and remorse deserve more consideration. However, given that the State had filed a notice of intent to seek a habitual offender enhancement and that the parties agreed to concurrent sentences, his guilty plea could be construed as pragmatic rather than motivated by true feelings of guilt. *See Newkirk v. State*, 898 N.E.2d 473, 479 (Ind. Ct. App. 2008) (guilty plea did not render sentence inappropriate because the evidence was strong and defendant received a strong benefit by pleading guilty), *trans. denied*.

Turner also argues that his poor health renders his sentence inappropriate. The Department of Correction will provide treatment for his medical conditions. Turner has failed to carry his burden of demonstrating that his sentence is inappropriate.

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

FRIEDLANDER, J., and MAY, J., concur.