## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 13 2016, 9:06 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEYS FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Alan L. Whitted | Gregory F. Zoeller |
| Alex R. Whitted | Attorney General of Indiana |
| Whitted Law, LLC. | |
| Columbus, Indiana | Jesse R. Drum |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Christopher D. Manley, | April 13, 2016 |
| *Appellant-Defendant,* | Court of Appeals Case No. 03A01-1510-CR-1833 |
| v. | Appeal from the Bartholomew Superior Court |
| State of Indiana, | The Honorable Kathleen T. Coriden, Judge |
| *Appellee-Plaintiff* | Trial Court Cause No. 03D02-1410-CM-4602 |

**Crone, Judge.**

[1] Christopher D. Manley appeals his one-year sentence for class A misdemeanor criminal conversion, arguing that it is inappropriate. We conclude that he has waived his arguments, and therefore affirm.

[2] Manley temporarily lived with Kathryn Blackburn in Hope. After he moved out, Blackburn could not find her checkbook. A couple of weeks later, she received a notice that someone had attempted to cash one of her checks at a MainSource Bank in Indianapolis. The check was made out to Manley for $75. Blackburn said that she did not sign the check, did not recognize the handwriting on the check, and did not authorize a check to be written to Manley.

[3] In October 2014, the State charged Manley with class A misdemeanor check fraud and class A misdemeanor criminal conversion. At a bench trial, the court found Manley not guilty of check fraud but guilty of criminal conversion. In October 2015, the trial court sentenced Manley to one year in the Bartholomew County Jail to be served upon completion of the sentence he was currently serving.

[4] Manley asserts that his sentence is inappropriate pursuant to Indiana Appellate Rule 7(B), which states, "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Manley has the burden to show that his sentence is

inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind. 2007), *clarified on reh'g*, 875 N.E.2d 218.

[5]     First, Manley contends that the trial court failed to issue a sentencing statement explaining why his sentence was to be served consecutive to his current term of incarceration. This is not an Appellate Rule 7(B) claim. Manley's argument should have been presented in the context of our abuse of discretion review of a sentence. *See id*. at 490-91 (stating that trial court may abuse its discretion by not entering sentencing statement); *King v. State*, 894 N.E.2d 265, 267 (Ind. Ct. App. 2008) ("[A]n inappropriate sentence analysis does not involve an argument that the trial court abused its discretion in sentencing the defendant."). Because Manley has failed to cogently argue that the trial court abused its discretion, his argument is waived. *See* Ind. Appellate Rule 46(A)(8)(a) ("The argument must contain the contentions of the appellant on the issues presented, supported by cogent reasoning."); *Keller v. State*, 987 N.E.2d 1099, 1121 n.11 (Ind. Ct. App. 2013) (Keller's "failure to make a cogent argument regarding whether the trial court abused its discretion in sentencing him results in waiver of that issue."), *trans. denied*. Moreover, trial courts are not required to enter sentencing statements for misdemeanor sentences. *Anglemyer*, 868 N.E.2d at 490 ("Indiana trial courts are required to enter sentencing statements whenever imposing sentence for a felony offense."); *Morris v. State*, 985 N.E.2d 364, 367 (Ind. Ct. App. 2013) ("[I]t is clear that abuse of discretion review of a sentence, which concerns a trial court's duty to

issue a sentencing statement along with its findings of aggravators and mitigators, has no place in reviewing a misdemeanor sentence."), *trans. denied*.

[6] Second, Manley argues that the nature of his offense does not warrant a maximum, consecutive sentence.[1] Manley completely fails to consider how his character impacts the inappropriateness of his sentence. Manley "bears the burden of showing [that] both prongs of the inquiry favor revision of [his] sentence." *Anderson v. State*, 989 N.E.2d 823, 827 (Ind. Ct. App. 2013), *trans. denied*. Because Manley does not address his character, his argument is waived. *Id*.

[7] Waiver notwithstanding, Manley's argument is unavailing. As for the nature of the offense, Manley stole a checkbook from a woman he had been living with and attempted to use one of the checks to unlawfully obtain $75 from her. As for his character, Manley has not been a law-abiding citizen. He has convictions for class B felony criminal deviate conduct, carrying a handgun without a license, failing to register as a sex offender (two), and driving while suspended (two). Given the nature of the offense and his character, Manley fails to persuade us that his sentence is inappropriate.

---

[1] A person who commits a class A misdemeanor may be imprisoned to a fixed term of not more than one year. Ind. Code § 35-50-3-2.

Affirmed.

Najam, J., and Robb, J., concur.