## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 10 2016, 8:18 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Erin L. Berger
Evansville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Randy Ebrecht,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 10, 2016<br><br>Court of Appeals Case No.<br>87A04-1512-CR-2350<br><br>Appeal from the Warrick Superior Court<br><br>The Honorable Amy Steinkamp Miskimen, Magistrate<br><br>Trial Court Cause No.<br>87D02-1509-CM-690 |

**Najam, Judge.**

## Statement of the Case

Randy Ebrecht appeals his sentence following his conviction for battery, as a Class A misdemeanor, pursuant to a guilty plea. He presents a single issue for our review which we restate as whether the trial court abused its discretion when it sentenced him.[1] We affirm.

## Facts and Procedural History

On September 25, 2015, the State charged Ebrecht with battery, as a Class A misdemeanor, after he allegedly battered his stepmother. On December 14, Ebrecht pleaded guilty as charged. Ebrecht chose not to give a statement at sentencing, and the trial court sentenced him to one year of work release, with ten months executed and two months suspended to probation. At the conclusion of the sentencing hearing, after the trial court had imposed sentence, the court stated as follows:

> And sir, I will notify you that the sentence I imposed was due to the severity of the injuries suffered here. The fact that this happened to a family member[,] that puts her in a special class of victim. The fact that she suffers from a disability, um, her testimony here today that she believed she was going to die, if her husband had not been present, and been able to pull you off of her. The pictures [of her injuries] . . . [and] the pure lack of remorse that is shown to this Court here today by you and lack of

---

[1] Ebrecht styles his argument on appeal as a challenge under Appellate Rule 7(B), but, in the argument section of his brief, he addresses neither the nature of the offense nor his character. Instead, Ebrecht appears to argue that the trial court abused its discretion when it sentenced him. Accordingly, that is the only issue we address here.

emotion. And I am taking into account the safety of the community as well.

Tr. at 22. This appeal ensued.

## Discussion and Decision

Initially, we note that the State has not filed an appellee's brief.[2] When an appellee fails to submit a brief, we do not undertake the burden of developing appellee's arguments. *K.L. v. E.H.*, 6 N.E.3d 1021, 1029 (Ind. Ct. App. 2014). Instead, we apply a less stringent standard of review and may reverse if the appellant establishes prima facie error. *Id.* "Prima facie error in this context is defined as, at first sight, on first appearance, or on the face of it." *Falatovics v. Falatovics*, 15 N.E.3d 108, 110 (Ind. Ct. App. 2014) (citation omitted). With this in mind, we address Ebrecht's argument on appeal.

Ebrecht contends that the trial court abused its discretion when it sentenced him. In particular, Ebrecht maintains that the trial court "had no basis for its assertion that [Ebrecht] showed a lack of remorse and lack of emotion because [Ebrecht] made no submission to the trial court." Appellant's Br. at 3. However, the sentencing statute for Class A misdemeanors does not provide a presumptive or advisory sentence, but rather a maximum allowable sentence. Ind. Code § 35-50-3-2 (2015); *Creekmore v. State*, 853 N.E.2d 523, 527 (Ind. Ct. App. 2006). Therefore, the trial court was not required to articulate and

---

[2] The State filed a motion to file a belated brief, which we denied.

balance aggravating and mitigating circumstances before imposing sentence on Ebrecht's misdemeanor conviction. *Creekmore*, 853 N.E.2d at 527.

[5] Nor was the trial court required to issue a sentencing statement. As we have held,

> it is clear that abuse of discretion review of a sentence, which concerns a trial court's duty to issue a sentencing statement along with its findings of aggravators and mitigators, has no place in reviewing a misdemeanor sentence. *See Cuyler v. State*, 798 N.E.2d 243, 246 (Ind. Ct. App. 2003), *trans. denied*; *see also Anglemyer v. State*, 868 N.E.2d 482, 490 (Ind. 2007) (stating that post-*Blakely* revisions to sentencing statutes included sentencing statement requirement "whenever imposing sentence for a *felony* offense").

*Morris v. State*, 985 N.E.2d 364, 367 (Ind. Ct. App. 2013) (emphasis original), *aff'd in part, rev'd in part on other grounds on reh'g*, 985 N.E.2d 364 (Ind. Ct. App. 2013). We hold that Ebrecht's contention that the trial court abused its discretion in sentencing him is without merit.[3]

[6] Affirmed.

[7] Robb, J., and Crone, J., concur.

---

[3] We note that Ebrecht participated in the guilty plea hearing, which occurred immediately prior to sentencing. The trial court observed Ebrecht's demeanor and emotional state during the guilty plea hearing and was entitled to conclude that Ebrecht demonstrated a "lack of emotion" based upon his interactions with the court. Thus, despite Ebrecht's lack of participation in the sentencing phase of the proceedings, the trial court had an adequate basis to form an opinion.