Wayne E. SINN, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A04–9612–CR–496.

Court of Appeals of Indiana.

March 13, 1998.

Wayne E. Sinn, Carlisle, Pro Se.

Jeffrey A. Modisett, Attorney General, John B. Herriman, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

**OPINION**

RATLIFF, Senior Judge.

*Case Summary*

Appellant–Defendant, Wayne E. Sinn ("Sinn"), appeals both the trial court's order requiring him to pay restitution, and the trial court's order granting his motion for return of personal property. We reverse in part and dismiss in part.

*Issues* [1]

Sinn raises two issues for our review which we restate as:

I. Whether the trial court properly ordered him to pay restitution in addition to imposing an executed sentence; and,

II. Whether the trial court properly granted his motion for return of personal property "as to items that are returnable."

*Facts and Procedural History*

The facts most favorable to the conviction show that on July 15, 1996, pursuant to a plea agreement, Sinn pleaded guilty to two counts of Armed Robbery, one as a class A felony, and the other as a class B felony. Following a hearing and pre-sentence report, the trial court accepted the plea on August 12, 1996. In the Notice of Recommendation submitted by the prosecutor, the State agreed to drop DWI and Habitual Offender counts against Sinn in exchange for his guilty plea and acceptance of two consecutive twen-

---

1. The State argues that Sinn has waived his appeal for failure to include a copy of the plea agreement in the record. The plea agreement was included in the record in compliance with a writ of certiorari issued by this court. We assume the State overlooked this portion of the record.

ty year sentences for the two Armed Robbery counts. When the trial court sentenced Sinn, it also ordered him to pay restitution in the amount of $34,804.22, over Sinn's objection.

On September 8, 1996, Sinn filed a motion for return of personal property alleging that $796.00 in cash, miscellaneous papers and photographs, two wallets, and clothing were taken into custody during his arrest and have not been returned. The trial court granted the motion "as to items that are returnable." (R. 10, vol. 3). Later, at a hearing on the motion, the prosecutor said:

> I would suggest that we have, ah, [defense counsel] call Detective Tracy, and Randy's not that hard to work with. If he needs my input maybe we could do it together from my office next Monday or something like that. Call Randy and see if we can't make arrangements for it to be returned.

(R. 21–22, vol. 3). The State presented no evidence that the property was not owned by Sinn. The trial court ordered "the State and defense counsel to make arrangements to compile a list of property that should be properly returned to defendant and get with the police department to obtain said property." (R. 27, vol. 3).

## Discussion and Decision

### I.

Sinn argues that the trial court abused its discretion when it ordered him to pay restitution, the subject of restitution not having been mentioned in his plea agreement. The State contends that the imposition of restitution did not increase Sinn's sentence and was within the discretion of the trial court.

"[I]n addition to any sentence imposed under this article . . . the court may . . . order the person to make restitution to the victim of the crime." Ind.Code § 35–50–5–3(a). However, "[t]he court shall not accept a plea of guilty . . . without first determining that the defendant . . . has been informed that if . . . the court accepts the plea[,] the court is bound by the terms of the plea agreement." Ind.Code § 35–35–1–2(a). "If the court accepts a plea agreement, it *shall* be bound by its terms." Ind.Code § 35–35–3–3(e) (emphasis added).

The concept of plea bargaining contemplates an explicit agreement between the State and defendant which is binding upon both parties when accepted by the trial court. *State ex rel. Goldsmith v. Marion County Superior Court,* 275 Ind. 545, 552, 419 N.E.2d 109, 114 (1981). Strict adherence to the agreement is essential. *Id.* Once an agreement is accepted, the trial court is precluded from imposing any sentence other than that required by the plea agreement. *Pritscher v. State,* 675 N.E.2d 727, 732 (Ind. Ct.App.1996). The State argues that the imposition of restitution does not increase the sentence, and was not precluded by the plea agreement. We disagree. The trial court "may not change the terms" of the agreement. *Disney v. State,* 441 N.E.2d 489 (Ind.Ct.App.1982).

In *Gipperich v. State,* 658 N.E.2d 946 (Ind. Ct.App.1995), *trans. denied,* this court held that the imposition of fines was improper when the plea agreement was silent on the subject. More to the point, in *Disney,* this court held that it was "error for the court to include restitution or reparation as a condition of probation when there was no mention of such in the plea recommendation." 441 N.E.2d at 493. "[T]he court in effect *increased the penalty* by imposing a reparation condition which was not a part of the original explicit plea agreement." *Id.* (emphasis added). *See also Antcliff v. State,* 688 N.E.2d 166 (Ind.Ct.App.1997) (holding that imposition of home detention and restitution was within discretion of trial court where plea agreement explicitly provided that "terms of probation, including restitution" was left to court's discretion).

We hold that the trial court erred in ordering Sinn to pay restitution when the plea agreement contained no provision allowing such an order. Accordingly, the portion of Sinn's sentence requiring the payment of restitution is reversed.

### II.

Sinn argues that the trial court's order concerning the return of his personal property was vague and improperly delegated its responsibility to others. The State contends

that the trial court did order the return of Sinn's property and therefore Sinn cannot appeal a ruling that is not adverse to him.

▆▆▆ Disposition of property seized as a result of an arrest is governed by Ind.Code § 35–33–5–5, which states:

(c) Following the final disposition of the cause at trial level or any other final disposition:

(1) Property which may be lawfully possessed *shall* be returned to its rightful owner, if known.

(Emphasis added). The court, once its need for the property has terminated, has both the jurisdiction and the duty to return seized property. *Conn v. State,* 496 N.E.2d 604, 608 (Ind.Ct.App.1986), *trans. denied.* Sinn testified that he was the owner of the property in question and the State put forth no evidence to the contrary. This raises a presumption that Sinn is the proper owner. *See State v. Poxon,* 514 N.E.2d 652, 654 (Ind.Ct. App.1987), *trans. denied.* In the absence of a showing that the property is stolen, Sinn is entitled to the return of the property seized from his possession. *Conn,* 496 N.E.2d at 608.

▆▆▆ The trial court twice ordered that Sinn's property be returned to him. One cannot appeal a judgment in his favor unless he is in some manner aggrieved thereby. *Nehi Beverage Co., Inc. of Indianapolis v. Petri,* 537 N.E.2d 78, 82 (Ind.Ct.App.1989), *trans. denied.* If Sinn is aggrieved, it is not because of the trial court's order, but because the order has not been followed. Sinn's remedy is not to appeal the trial court's order, but to seek enforcement of the order. Sinn may file a motion for rule to show cause, and the trial court should hold a hearing if necessary to enforce its order. *See Conn,* 496 N.E.2d at 609. Sinn's appeal of this issue is dismissed.

Reversed in part and dismissed in part.

HOFFMAN and DARDEN, JJ., concur.