**Scott HUDDLESTON, Appellant–
Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A03–0106–CR–176.**

Court of Appeals of Indiana.

Oct. 19, 2001.

Donald C. Swanson, Jr., Fort Wayne, IN, Attorney for appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF THE CASE*

Appellant Defendant, Scott Huddleston (Huddleston), appeals the trial court's Order for restitution.

We reverse.

*ISSUE*

Huddleston raises one issue on appeal, which we restate as follows: whether the trial court abused its discretion in awarding restitution of one (1) week's wages to the mother of the victim.

*FACTS AND PROCEDURAL HISTORY*

On June 7, 1999, the State filed an information against Huddleston, charging him with two counts of child molesting, Class C felonies, Ind.Code § 35–42–4–3. On November 6, 2000, Huddleston entered a plea of guilty to a single count of child molesting. The State agreed, by verbal plea agreement, to dismiss the other count of child molesting at sentencing.

On December 8, 2000, the trial court accepted Huddleston's guilty plea and plea agreement. On the same day, the trial court sentenced Huddleston to the Indiana Department of Correction for a period of four (4) years. Pursuant to the verbal plea agreement, the trial court also granted the State's motion to dismiss Count II of the Information. Next, the State requested and the trial court ordered restitution of $1,380.00. This amount included the wages lost by the mother of the victim due to her attendance at the court proceedings.

On January 8, 2001, Huddleston filed a Motion to Correct Error claiming that the restitution order of $1,380.00 was excessive. The Motion stated that the trial court awarded one week's worth of wages to the mother of the victim from November 25–December 2, 2000. However, the Motion pointed out that there were no court proceedings or evidence of counseling during this week due to the holidays. On February 23, 2001, a hearing on the Motion to Correct Error was held. On February 26, 2001, the trial court denied the Motion to Correct Error.

This appeal ensued.

## DISCUSSION AND DECISION

Huddleston argues that the trial court abused its discretion in ordering restitution. Specifically, Huddleston contends that the trial court's order exceeded the bounds of Ind.Code § 35–50–5–3. He also maintains that restitution was not contemplated by the State or the trial court until after the plea agreement was accepted and he was sentenced.

### Standard of Review

An order of restitution is a matter within the sound discretion of the trial court and will be reversed only upon a finding of abuse of discretion. *Ault v. State*, 705 N.E.2d 1078, 1081 (Ind.Ct.App. 1999). An abuse of discretion occurs if the court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Palmer v. State*, 704 N.E.2d 124, 127 (Ind.1999). Additionally, our supreme court has determined that restitution may be paid to those shown to have suffered injury, harm, or loss as a direct and immediate result of the criminal acts of a defendant. *Vanness v. State*, 605 N.E.2d 777, 783 (Ind.Ct.App.1992).

### Ind.Code § 35–50–5–3

Ind.Code § 35–50–5–3 provides, in pertinent part, as follows:

(a) [e]xcept as provided in subsection (i), in addition to any sentence imposed under this article for a felony or misdemeanor, the court may, as a condition of probation or without putting the person on probation, order the person to make restitution to the victim of the crime, the victim's estate, or the family of a victim who is deceased. The court shall base its restitution order upon consideration of:

\* \* \*

(3) earnings lost by the victim (before the date of sentencing) as a result of the crime including earnings lost while the victim was hospitalized or partici-

pating in the investigation or trial of the crime.

Case law deems a person a victim when he or she suffered a loss as a "direct and immediate result of the defendant's actions." *Ault v. State*, 705 N.E.2d at 1081. Additionally, Ind.Code § 35–50–5–3 does not specifically contemplate income lost by the victim's parent as a result of the defendant's crime. *Id.* at 1083. However, the statute does not require that the victim directly receive the payment of restitution. *Id.*

The lost wages incurred by the mother of the victim were not well documented. Moreover, at the sentencing hearing, after the trial court had accepted Huddleston's guilty plea and sentenced him, the State requested that the trial court's Order include reimbursement to the mother of the victim for her lost wages from November 25–December 2, 2000. The trial court ordered restitution in the amount of $ 1,380.00 based on the following: a letter from the victim's mother's employer stating that the days she took off work without pay were for various pre-trial dates, trial dates, and counseling appointments; the mother's testimony that she was requesting the restitution based on recalculating specific time lost at her rate of pay; and the belief that the restitution statute authorizes the court to order restitution to victims "for a whole bunch of stuff and it does include lost wages." (R. 16).

We feel that the above information is not enough to establish that the mother of the victim was entitled restitution for her lost wages. There was no evidence offered to the trial court to show that the victim was in counseling during this time that would have necessitated the victim's mother to take off work. Additionally, the State failed to present documentation that the victim's mother was involved with trial preparation or court proceedings.

As previously stated, there were no court appearances during the week that the victim's mother requested restitution for lost wages. Therefore, we find that the victim's mother did not sufficiently demonstrate that she directly suffered as an immediate result of Huddleston's acts. *Vanness v. State*, 605 N.E.2d at 783.

Our decision is not to be construed as holding that a victim's parent could never be a "victim" under Ind.Code § 35–50–5–3. We simply find that the evidence in this case was insufficient to support a finding that the victim's mother suffered an injury, harm, or loss as a direct and immediate result of the criminal acts of Huddleston. *See Vanness*, 605 N.E.2d at 782.

### Plea Agreement

 The concept of plea-bargaining contemplates an explicit agreement between the State and defendant, which is binding upon both parties when accepted by the trial court. *Sinn v. State*, 693 N.E.2d 78, 80 (Ind.Ct.App.1998). Strict adherence to the agreement is essential. *Id.* Once an agreement is accepted, the trial court is precluded from imposing any sentence other than that required by the plea agreement. *Pritscher v. State*, 675 N.E.2d 727, 732 (Ind.Ct.App.1996). This court has held that the imposition of fines was improper when the plea agreement was silent on the subject. *Sinn v. State*, 693 N.E.2d at 80.

In the instant case, it was error for the trial court to include restitution or reparation as a condition of Huddleston's sentence when there was no mention of such in the plea recommendation. The State requested restitution after the trial court accepted Huddleston's guilty plea, sentenced him on Count I, and dismissed Count II per the verbal plea agreement. In essence, the trial court increased the penalty by imposing a reparation condition, which was not a part of the original explicit plea agreement. *See Sinn*, 693

N.E.2d at 80. Therefore, we hold that the trial court erred in ordering Huddleston to pay restitution when the plea agreement contained no provision allowing such an order. Accordingly, the portion of Huddleston's sentence requiring the payment of restitution is reversed.

### CONCLUSION

Based on the foregoing, we find that the trial court abused its discretion in ordering Huddleston to pay restitution to the victim's mother for lost wages.

Reversed.

SHARPNACK, C.J., and NAJAM, J., concur.