Scott **HUDDLESTON,** Appellant–Defendant,

v.

**STATE of Indiana,** Appellee–Plaintiff.

No. 02A03–0106–CR–176.

Court of Appeals of Indiana.

Feb. 25, 2002.

Donald C. Swanson, Jr., Fort Wayne, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Christopher L. Lafuse, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

RILEY, Judge.

This case is before us on a petition for rehearing filed by the State of Indiana, requesting that we reconsider our holding in *Huddleston v. State*, 756 N.E.2d 1054 (Ind.Ct.App.2001). On June 7, 1999, the State filed an information against Huddleston, charging him with two counts of child molesting, Class C felonies, Ind.Code § 35–42–4–3. On November 6, 2000, Huddleston entered a plea of guilty to a single count of child molesting. The State agreed, by verbal plea agreement, to dismiss the other count of child molesting at sentencing.

On December 8, 2000, the trial court accepted Huddleston's guilty plea and plea agreement. On the same day, the trial court sentenced Huddleston to the Indiana Department of Correction for a period of four (4) years. Pursuant to the verbal plea agreement, the trial court also granted the State's motion to dismiss Count II of the Information. Next, the State requested and the trial court ordered restitution of $1,380.00. That amount included the wages lost by the mother of the victim due to her attendance at the court proceedings.

On January 8, 2001, Huddleston filed a Motion to Correct Error claiming that the restitution order of $1,380.00 was excessive. On February 23, 2001, a hearing on the Motion to Correct Error was held. On February 26, 2001, the trial court denied the Motion to Correct Error.

Huddleston then appealed, challenging the restitution order. In our original opinion, we concluded that the trial court abused its discretion in ordering restitution for the lost wages of Cheryl Nagy (Nagy), the mother of the victim, based on the finding that the evidence did not sufficiently demonstrate that Nagy suffered injury, harm, or loss as a direct and immediate result of Huddleston's acts. *See Vanness v. State*, 605 N.E.2d 777, 783 (Ind.Ct.App.1992).

The State asserts that this court's decision to vacate the trial court's restitution order was made in error. We now grant the State's petition for the purpose of vacating our original opinion due to the fact that Appellee's Appendix was filed but apparently misplaced in the Clerk's office and not entered on the docket.

Due to this oversight, we did not have access to the pre-sentence investigation report, which included the victim impact statement requesting restitution and a letter from Francisco Ortiz, an investigator/victim impact specialist for the Allen County Probation Department. This letter advised Nagy of her right to seek restitution; a notation on the letter indicates that Nagy requested reimbursement of lost wages in the amount of $1,380.00. The reimbursement request was also entered on the pre-sentence investigation report as the victim's impact statement. This evidence, combined with the letter

from Nagy's employer indicating the days she missed work without pay due to various pre-trial dates, trial dates, counseling appointments, and other related proceedings in relation to this case, the computation of Nagy's wages, and Nagy's testimony, necessitates the vacating of our original opinion.

█ As stated in our original opinion, we maintain that restitution is a matter within the sound discretion of the trial court and will be reversed only upon a finding of abuse of discretion. *Ault v. State*, 705 N.E.2d 1078, 1081 (Ind.Ct.App. 1999). Additionally, our supreme court has determined that restitution may be paid to those shown to have suffered injury, harm, or loss as a direct and immediate result of the criminal acts of a defendant. *Vanness*, 605 N.E.2d at 783.

Here, the State correctly asserts that the trial court had sufficient evidence to order restitution. The letter from the investigator/victim impact specialist, the letter from Nagy's employer, and the letter providing the computation of Nagy's wages were all attachments to the pre-sentence investigation report. When the trial court asked Huddleston whether the pre-sentence investigation report was accurate, he stated that it was correct. (Sentencing Transcript at 7). Huddleston did not challenge the amount requested or the reasons given for her time off of work, including Nagy's assertion that she had missed work due to her daughter's counseling appointments. The letter from Nagy's employer might not have been the best evidence, but it was nonetheless undisputed and supports the trial court's order. *See Roach v. State*, 695 N.E.2d 934, 943 (Ind.1998) (finding no abuse of discretion where estimate for burial monument had been "rounded up," the supreme court noted expenses were a "direct and immediate result" of

crime and there was "no evidence that the listed expenses [were] wrong").

Moreover, the victim impact statement included in Huddleston's pre-sentence investigation report noted that Nagy was requesting "$1,380.00 in restitution for loss of wages due to pre-trial conferences, court dates, doctor/counseling appointments, and other appointments related to the present case." (Appellee's Appendix at 4). Therefore, we find that Nagy suffered injury, harm, or loss as a direct and immediate result of the criminal acts of a defendant. *Vanness*, 605 N.E.2d at 783. Thus, the trial court did not abuse its discretion in ordering restitution.

█ Further, we note that a trial court has the authority to order a defendant convicted of a crime to make restitution "to the victim" as part of his sentence. *See Ind.Code* § 35-50-5-3. Huddleston's guilty plea was, as the State asserts, a "straight up" or open plea. In our original opinion, we noted, correctly, that once an agreement is accepted, the trial court is precluded from imposing any sentence other than that required by the plea agreement. *See Pritscher v. State*, 675 N.E.2d 727, 732 (Ind.Ct.App.1996). However, Huddleston's plea agreement left the issue of sentencing to the trial court's discretion. As such, the trial court properly ordered restitution. Huddleston did not object to the restitution order and may be deemed to have waived that issue on appeal. *See McBride v. State*, 595 N.E.2d 260, 262 (Ind.Ct.App., 1992), *trans. denied.*

Petition for Rehearing granted to vacate our original opinion and to affirm the trial court's order of restitution.

SHARPNACK, J., and NAJAM, J., concur.