
FILED
Aug 23 2013, 5:34 am

CLERK
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**J. DIRK CARNAHAN**
Vincennes, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ADAM MORRIS, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 14A05-1209-CR-495 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE DAVIESS SUPERIOR COURT
The Honorable Mark R. McConnell, Judge
Cause No. 14D01-0910-FC-806

**August 23, 2013**

**OPINION ON REHEARING - FOR PUBLICATION**

**BARNES, Judge**

The State petitions for rehearing following our decision in <u>Morris v. State</u>, 985 N.E.2d 364 (Ind. Ct. App. 2013). We now issue this opinion granting rehearing on the issue of restitution only.

In our original decision, we held that, because the plea agreement was completely silent on the issue of restitution, the trial court lacked the authority to order Morris to pay $14,972.45 in restitution toward the burial expenses of Morris's fiancée, Jennifer, who was killed when she was thrown from the ATV that Morris was operating while intoxicated. <u>Morris</u>, 985 N.E.2d at 369. For this holding we cited <u>Sinn v. State</u>, 693 N.E.2d 78, 80 (Ind. Ct. App. 1998). On rehearing, the State argues that we should instead follow <u>Huddleston v. State</u>, 764 N.E.2d 655 (Ind. Ct. App. 2002), and <u>Gil v. State</u>, 988 N.E.2d 1231 (Ind. Ct. App. 2013).

In both <u>Huddleston</u> and <u>Gil</u>, this court allowed awards of restitution following guilty pleas even though the pleas were completely silent on the issue of restitution. <u>See</u> <u>Huddleston</u>, 764 N.E.2d at 657; <u>Gil</u>, 988 N.E.2d at 1235. The reason for these holdings was that the pleas were "open," meaning they left sentencing entirely to the trial court's discretion. And, there are a number of cases stating that "'restitution is as much a part of a criminal sentence as a fine or other penalty.'" <u>Pearson v. State</u>, 883 N.E.2d 770, 773 (Ind. 2008) (quoting <u>Miller v. State</u>, 502 N.E.2d 92, 95 (Ind. 1986)); <u>but see</u> Ind. Code § 35-50-5-3(a) (stating that trial court may award restitution "<u>in addition to</u> any sentence imposed under this article for a felony or misdemeanor . . . .") (emphasis added). <u>Sinn</u>, by contrast, concerned a plea with a recommended sentence, not an open plea. <u>Gil</u>

2

explicitly held that Sinn and similar cases involving guilty pleas with fixed or recommended sentences should not apply in open plea cases. Gil, 988 N.E.2d at 1235. Upon careful consideration, we agree that because Morris's guilty plea was entirely open and left his sentence entirely to the trial court's discretion, that court was free to enter an award of restitution as part of Morris's sentence, in accord with Huddleston and Gil.[1]

Because of our original holding, we did not address Morris's arguments that the restitution award was improper because it related to Jennifer's death and because there allegedly was insufficient evidence to support the award. The first argument is based on the fact that the charge of Class C felony operating a vehicle while intoxicated resulting in death was dismissed as part of the plea agreement and Morris pled guilty only to Class A misdemeanor operating while intoxicated. At the sentencing hearing, the prosecutor argued that Morris should be required to pay restitution for Jennifer's funeral expenses. The prosecutor then questioned Morris's mother about those expenses and referred to "Sentencing Exhibits" presented to the trial court and Morris's attorney prior to sentencing. App. p. 39. The trial court explicitly stated it had reviewed those documents, which contained invoices listing a total of $14,972.45 in funeral expenses. These documents were not officially introduced into evidence during the sentencing hearing.

---

[1] In Edsall v. State, 983 N.E.2d 200, 208-09 (Ind. Ct. App. 2013), another panel of this court seemed to agree that Sinn's holding applied to a case involving an open plea and precluded an award of restitution, similar to our original opinion. However, that statement appears to have been dicta, because the panel went on to hold that restitution was improperly awarded to the State because it was not a victim of the crime. Id. at 209.

3

At no time did Morris lodge any objection to being asked to pay restitution for those expenses, nor to the trial court's consideration of the documents submitted before the sentencing hearing. Generally, failure to object to an award of restitution constitutes waiver of a challenge to the award on appeal, unless a defendant argues that the award was fundamentally erroneous and in excess of statutory authority. See Lohmiller v. State, 884 N.E.2d 903, 915-16 (Ind. Ct. App. 2008). Morris makes no such arguments. Also, a defendant's failure to make a specific and timely objection to the trial court's receipt of evidence concerning the amount of restitution constitutes waiver of the issue on appeal. Long v. State, 867 N.E.2d 606, 618 (Ind. Ct. App. 2007); but see Rich v. State, 890 N.E.2d 44, 48 (Ind. Ct. App. 2008), trans. denied. We decline to address Morris's argument that the trial court could not award restitution related to Jennifer's death. Also, the tendered pretrial documents, which the trial court and State referred to during the hearing without objection, clearly constitute sufficient evidence to support the restitution award. We therefore now affirm the award of restitution against Morris in the amount of $14,972.45.

Despite our grant of rehearing and ultimate affirmance of the restitution award, we still wish to emphasize that plea agreements ideally should be more artfully drafted in cases such as this if the State wishes to seek restitution. This is especially true here, given the sizable restitution award and its only indirect relation to the crime to which Morris ultimately pled guilty. See Polen v. State, 578 N.E.2d 755, 756-57 (Ind. Ct. App. 1991) (holding that restitution awards generally should not cover crimes to which a

defendant does not plead guilty or is not convicted of, and does not explicitly agree to pay restitution for), trans. denied.

RILEY, concurs.

BAKER, J., dissent with separate opinion.

# IN THE
# COURT OF APPEALS OF INDIANA

ADAM MORRIS,                                  )
                                         )

    Appellant-Defendant,           )
                                         )

        vs.                        )     No.  14A05-1209-CR-495
                                         )

STATE OF INDIANA,               )
                                         )

    Appellee-Plaintiff.            )

**BAKER, Judge, dissenting.**

I respectfully part ways with the majority's decision to grant the State's petition for rehearing. I embrace the general notion that in most cases where there is an "open" plea situation, the plea is silent on the issue of restitution, and the sentence is left entirely to the trial court's discretion, an award of restitution may be entered. Gil v. State, 988 N.E.2d 1231 (Ind. Ct. Ap. 2013); Huddleston v. State, 764 N.E.2d 655 (Ind. Ct. App. 2002).

Although I initially intended to grant the State's petition for rehearing in this case, I note that Morris agreed to plead guilty to the lesser offense of class A misdemeanor OWI, to which the plea agreement to that offense made no mention of the payment of

restitution. <u>Id.</u> at 366. And it is undisputed that the trial court's order of restitution regarding the payment of Jennifer's burial expenses pertained to the charge that was specifically dismissed under the plea agreement, i.e., operating a vehicle with a blood alcohol equivalent of .08 or more <u>causing</u> <u>death</u>, a class C felony. (Emphasis added). <u>Morris v. State</u>, 985 N.E.2d 3634, 365-66 (Ind. Ct. App. 2013).

In my view, as we noted in our original opinion, applying the order of restitution to the class C felony charge that was dismissed as a part of the plea bargain was error. As a result, I vote to deny the State's petition for rehearing. Finally, I would emphasize—as does the majority—that "plea agreements ideally should be more artfully drafted in cases such as this if the State wishes to seek restitution." Slip op. at 4.