## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 08 2015, 10:10 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| Brooke N. Russell<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Chandra K. Hein<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

Cody Silvers,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

April 8, 2015

Court of Appeals Case No. 47A01-1409-CR-374

Appeal from the Lawrence Superior Court

The Honorable Michael Robbins, Judge

Case No. 47D01-1308-FC-1029

## Mathias, Judge.

[1] Cody Silvers ("Silvers") pleaded guilty in Lawrence Superior Court to Class C felony leaving the scene of an accident resulting in death. He was ordered to serve eight years in the Department of Correction and pay restitution in the amount of $792.25. Silvers appeals and argues that:

I. The trial court abused its discretion in sentencing him;

II. His sentence is inappropriate in light of the nature of the offense and the character of the offender; and

III. The trial court abused its discretion in ordering him to pay restitution.

We affirm.

## Facts and Procedural History

On August 16, 2013, Silvers, who had consumed alcohol earlier that day, was driving on a county road near Bedford, Indiana when he struck a moped with his pickup truck. The moped's two passengers were thrown from the moped. Silvers stopped his truck on an embankment near where the victims were, exited the vehicle, and approached the victims. He told the victims he would seek help for them, then left the scene and did not return or call for help. One of the victims, sixteen-year-old K.Y., was pronounced dead at the scene. The other passenger, N.B., was airlifted to Riley Hospital with serious injuries. Evidence collected at the scene, including surveillance video and tire marks, connected Silvers to the accident. Silvers eventually admitted that he was the driver of the truck involved in the crash and that he left the scene.

On August 22, 2013, the State charged Silvers with Class C felony failure to stop after an accident resulting in death and Class D felony failure to stop after an accident causing serious bodily injury. Silvers pleaded guilty to Class C felony failure to stop after an accident resulting in death and agreed to pay restitution in an amount to be determined at sentencing.

At Silvers's sentencing hearing, after hearing argument by both parties, the trial court found no mitigating factors and found the following aggravating factors: that twenty-one-year-old Silvers had a criminal history including residential entry and operating while intoxicated; that Silvers had been drinking prior to crashing into the victims' moped; that Silvers was on probation at the time of his crime; and that he was charged with criminal mischief while incarcerated awaiting sentencing. The trial court ordered Silvers to pay Brown restitution in the amount of $792.25 for medical expenses not covered by insurance and sentenced Silvers to eight years executed in the Department of Correction.

Silvers now appeals.

## I. Abuse of Discretion

Silvers argues that the trial court abused its discretion by failing to consider as mitigating factors Silvers's guilty plea and his expression of remorse. Sentencing decisions rest within the sound discretion of the trial court. *Anglemyer v. State,* 868 N.E.2d 482, 490 (Ind. 2007) ("*Anglemyer I* "). So long as the sentence is within the statutory range, it is subject to review only for an abuse of discretion. *Id.* An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 491. A trial court may abuse its sentencing discretion in a number of ways, including: (1) failing to enter a sentencing statement at all; (2) entering a sentencing statement that includes aggravating and mitigating factors that are unsupported by the record; (3) entering a sentencing statement that omits reasons that are clearly supported

by the record; or (4) entering a sentencing statement that includes reasons that are improper as a matter of law. *Id.* at 490-91.

[8] In its opinion on rehearing in *Anglemyer I,* our supreme court noted that:

> a defendant who pleads guilty deserves "some" mitigating weight be given to the plea in return. But an allegation that the trial court failed to identify or find a mitigating factor requires the defendant to establish that the mitigating evidence is not only supported by the record but also that the mitigating evidence is significant. And the significance of a guilty plea as a mitigating factor varies from case to case. For example, a guilty plea may not be significantly mitigating when it does not demonstrate the defendant's acceptance of responsibility, or when the defendant receives a substantial benefit in return for the plea.

*Anglemyer v. State,* 875 N.E.2d 218, 221 (Ind. 2007) ("*Anglemyer II* ") (citations omitted).

[9] In this case, the evidence against Silvers was overwhelming. His truck was recorded by surveillance video cameras and matched the tire tracks at the scene of the crash, eyewitnesses placed him at the crash scene, and he admitted to the crime. Furthermore, despite his plea of guilty, Silvers continued to minimize his responsibility for the crash at his sentencing hearing. *See* Tr. p. 30. Because Silvers's decision to plead guilty was more likely the result of pragmatism than acceptance of responsibility and because of Silvers's minimization of his guilt, we conclude the trial court did not abuse its discretion by omitting reference to his guilty plea when imposing his sentence.

[10] As for Silvers's expression of remorse, we note that, while an expression of remorse may be considered as a mitigating circumstance, the trial court is under

no obligation to accept a defendant's alleged remorse as a mitigator. *Phelps v. State,* 969 N.E.2d 1009, 1020 (Ind. Ct. App. 2012), *trans. denied.* The trial court possesses the ability to directly observe a defendant and can best determine whether a defendant's remorse is genuine. *Id.* Therefore, substantial deference must be given to the trial court's evaluation of a defendant's remorse. *Id.* Absent evidence of some impermissible consideration by the trial court, we will accept its determination as to remorse. *Stout v. State,* 834 N.E.2d 707, 711 (Ind. Ct. App. 2005).

Here, Silvers asks that we accept his declaration of remorse, which was clearly rejected by the trial court. Further, Silvers presents no evidence of any impermissible aggravator considered by the trial court. We also note that, at Silvers's sentencing hearing, he attempted to minimize his blame for the accident, arguing that the State never proved that he was the person who caused the crash, just that he left the scene. Tr. p. 30. Under these facts and circumstances, the trial court was well within its discretion to discredit Silvers's self-serving claim of remorse.

## II. Inappropriate Sentence

Silvers next argues that his seven-year sentence is inappropriate in light of the nature of the offense and the character of the offender. Pursuant to Indiana Appellate Rule 7(B), we may revise a sentence otherwise authorized by statute if, "after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." In our review of sentences under this rule, "we must and

should exercise deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give 'due consideration' to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Trainor v. State,* 950 N.E.2d 352, 355 (Ind. Ct. App. 2011), *trans. denied.*

[13] Although we have the power to review and revise sentences, the principal purpose of our review should be to attempt to level the outliers and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, not to achieve what we perceive to be a "correct" result in each case. *Fernbach v. State,* 954 N.E.2d 1080, 1089 (Ind. Ct. App. 2011), *trans. denied.* Our review under Appellate Rule 7(B) should focus on "the forest—the aggregate sentence—rather than the trees—consecutive or concurrent, number of counts, or length of the sentence on any individual count." *Id.* The appropriate question is not whether another sentence is more appropriate; rather, the question is whether the sentence imposed is inappropriate. *Former v. State,* 876 N.E.2d 340, 344 (Ind. Ct. App. 2007). It is the defendant's burden on appeal to persuade us that the sentence imposed by the trial court is inappropriate. *Childress v. State,* 848 N.E.2d 1073, 1080 (Ind. 2006).

[14] Silvers argues that his sentence is inappropriate because he showed remorse during sentencing; because in pleading guilty, he saved the State and the victims' families the trouble of having to go to trial; because he experienced trauma after witnessing this crash as well as a previous crash involving his

cousin; and because he has endured hardship during his incarceration. We note, however, that Silvers was on probation for a 2011 residential entry conviction at the time of the present offense. In 2012, Silvers pleaded guilty to operating a vehicle with a Schedule I or II controlled substance in a person's body. Also, while Silvers was incarcerated awaiting sentencing, he was charged with criminal mischief. Furthermore, despite his declarations of remorse, he attempted to minimize his role in the crash at his sentencing hearing.

[15] With regard to the nature of Silvers's offense, we note that Silvers struck a moped carrying two young passengers, stopped his vehicle and approached the gravely injured victims, promised to find help, then never returned. Furthermore, he later tried to cover up his crime by removing the distinctive hood from his truck and changing the truck's damaged front tire.

[16] Under these facts and circumstances, we cannot say that Silvers's eight-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

## III. Restitution

[17] Finally, Silvers argues that the trial court abused its discretion in ordering restitution. Specifically, he argues that there was insufficient evidence to support the amount of restitution ordered by the trial court.

[18] We reverse a trial court's order to pay restitution only for an abuse of discretion. *Gil v. State,* 988 N.E.2d 1231, 1234 (Ind. Ct. App. 2013). A trial court abuses its discretion if its "decision is clearly against the logic and effects

of the facts and circumstances before it" or if it "misinterprets or misapplies the law." *Id.*

[19] Indiana Code section 35-50-5-3(a) provides, in relevant part, that "in addition to any sentence imposed under this article for a felony or misdemeanor, the court may . . . order the person to make restitution to the victim of the crime[.]" When such an order is entered, it must be based upon a consideration of:

> (1) property damages of the victim incurred as a result of the crime, based on the actual cost of repair (or replacement if repair is inappropriate);
>
> (2) medical and hospital costs incurred by the victim (before the date of sentencing) as a result of the crime;
>
> (3) the cost of medical laboratory tests to determine if the crime has caused the victim to contract a disease or other medical condition;
>
> (4) earnings lost by the victim (before the date of sentencing) as a result of the crime including earnings lost while the victim was hospitalized or participating in the investigation or trial of the crime; and
>
> (5) funeral, burial, or cremation costs incurred by the family or estate of a homicide victim as a result of the crime.

*Id.*

[20] An order of restitution is as much a part of a criminal sentence as a fine or other penalty. *Kotsopoulos v. State*, 654 N.E.2d 44, 46 (Ind. Ct. App. 1995). It is well established that the restitution order must reflect the actual loss sustained by the victim. *Smith v. State,* 471 N.E.2d 1245, 1248 (Ind. Ct. App. 1984), *trans. denied.* The amount of actual loss is a factual matter, which can be determined only upon presentation of evidence. *Id.*

[21]     A restitution order must reflect a loss sustained by the victim as a direct and immediate result of the defendant's criminal acts, and the trial court may consider only expenses incurred by the victim prior to the date of sentencing. *Rich v. State,* 890 N.E.2d 44 (Ind. Ct. App. 2008), *trans. denied.*

[22]     "Generally, failure to object to an award of restitution constitutes waiver of a challenge to the award on appeal, unless a defendant argues that the award was fundamentally erroneous and in excess of statutory authority." *Morris v. State,* 2 N.E.3d 7, 9 (Ind. Ct. App. 2013). "[A] defendant's failure to make a specific and timely objection to the trial court's receipt of evidence concerning the amount of restitution constitutes waiver of the issue on appeal." *Id.*

[23]     Here, as part of his plea agreement, Silvers agreed to "pay restitution to the victims in an amount to be determined at the Sentencing hearing." Appellant's App. p. 10. When the State entered into evidence invoices denoting the balance of Brown's medical expenses, Silvers did not object, nor did he object to the trial court's restitution order. Therefore, Silvers waived his claim of error.

[24]     Waiver notwithstanding, the trial court did not abuse its discretion in its award of restitution. The State submitted itemized medical bills detailing the unpaid balance of Brown's medical expenses, which totaled $792.25. These bills provided a reasonable basis for determining Brown's loss and did not subject the trial court to speculation or conjecture with regards to the loss. *See Guzman v. State*, 985 N.E.2d 1125 (Ind. Ct. App. 2013) (letter from surviving crime victim's attorney, setting out victim's claim for restitution for medical expenses

incurred as a result of automobile accident which formed basis of defendant's conviction for felony reckless homicide, was sufficient to support trial court's restitution order; letter broke down total claim by amount and to whom amount was due, and established exact amount of loss incurred by victim).

## Conclusion

For all of these reasons, we conclude that the trial court did not abuse its discretion in sentencing Silvers and that Silvers's sentence is not inappropriate in light of the nature of the offense and the character of the offender. We also conclude that the trial court did not abuse its discretion in ordering Silvers to pay $792.25 in restitution to the victim.

Affirmed.

May, J., and Robb, J., concur.