## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 16 2016, 6:16 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. O'Connor
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Jesse R. Drum
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Patrick Hardy, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | February 16, 2016 <br><br> Court of Appeals Case No. 49A02-1506-CR-495 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Marc Rothenberg, Judge <br><br> The Honorable Amy Barbar, Magistrate <br><br> Trial Court Cause No. 49G02-1408-F2-40133 |

**Altice, Judge.**

## Case Summary

[1] Patrick Hardy appeals the order of restitution following his conviction for Burglary as a Level 2 felony.[1] The trial court ordered Hardy to pay $2000 in restitution as a condition of probation without inquiring into Hardy's ability to pay and without the State presenting any evidence in support of the amount of restitution ordered. Hardy claims this was an abuse of discretion.

[2] We reverse and remand.

## Facts & Procedural History

[3] On the afternoon of August 11, 2014, eighteen-year-old Hardy and his older brother, Paris, broke into the home of the Ablanalp family. Brothers Bryce and Kaleb Ablanalp were home at the time. Hardy and Paris damaged the front door to the residence and an interior door during the burglary. Armed with a handgun, Paris struck Kaleb in the side of the head with the gun. Hardy took Kaleb's iPhone from him, as well as a tablet from Kaleb's bedroom. Hardy and Paris might have also taken a camera from the front room of the residence, but Kaleb indicated that it "could have just been lost." *Transcript* at 58.

[4] The State charged Hardy, on August 21, 2014, with Level 2 felony burglary and Level 3 felony armed robbery.[2] Hardy and Paris were tried together at a bench trial on April 10, 2015. The two were found guilty as charged. At Hardy's

---

[1] Ind. Code Ann. § 35-43-2-1.

[2] Paris was similarly charged, along with an additional handgun offense.

sentencing hearing, the trial court entered a judgment of conviction on the burglary charge only. The court sentenced him to ten years executed, with four years suspended and two years of probation. Additionally, the court entered a restitution order of $2000 as a special term and condition of probation. Restitution was ordered to be joint and several with the order against Paris. On appeal, Hardy challenges only the restitution order. Additional facts will be presented below as needed.

## Discussion & Decision

At the sentencing hearing, the following colloquy occurred regarding restitution after review of the presentence investigation report:

> [State]: The only addition from the State would be the restitution amount.
>
> [Court]: Okay.
>
> [State]: Judge, that would be $1,000.00 for the front door and door frame, $500.00 for the damage to the interior door, and $150.00 for the Kindle that was stolen…. $200.00 for the iPhone 5, $150.00 for a Nikon camera that was stolen. That would be a grand total of $2,000.00.
>
> [Court]: Have you shared these figures with Defense counsel?
>
> [State]: I did just before the hearing started.
>
> [Court]: Do you have any objection?

[Defense Counsel]: Your Honor, I guess my one objection would be to the Kindle, I guess, in the fact that I remember in the trial, there was never possession I guess of that proved, that Kindle.

[Court]: Yeah. And my Kindle only cost $99.00. So I don't know what kind of Kindle it was, but – yeah. The Court did find that it hadn't been shown the – the pawned Kindle?

[Defense Counsel]: And I don't remember the camera ever being shown either as being claimed of being stolen.

[Court]: I think there was testimony that they – that it was stolen, right? And the Kindle was – there was also testimony a Kindle was stolen.

[State]: The camera came to light later, I think. The camera wasn't initially reported but then eventually they figured out that the camera had come up missing during the course of this robbery.

I think there was evidence that the Kindle was stolen. There's evidence that [the Kindle was pawned]. And so we would be seeking the full $2,000.

[Court]: Okay. We can talk about that.

*Id.* at 187-88. After testimony from defense witnesses, the State presented no evidence regarding restitution and simply requested "the restitution amount…noted previously." *Id.* at 214. Prior to awarding the requested restitution, the trial court made no inquiry into Hardy's ability to pay.

[6] Hardy argues on appeal that the trial court abused its discretion by ordering restitution without sufficient evidence and without inquiring into his ability to pay. The State responds that Hardy objected to only $300 out of the $2000 amount of restitution and, therefore, "implicitly agreed to pay restitution for the remaining items." *Appellee's Brief* at 6.

[7] Ind. Code § 35-38-2-2.3(a)(6) provides that as a condition of probation, the trial court may order the defendant to make restitution to the victim for damage sustained by the victim. When doing so, "the court shall fix the amount, which may not exceed an amount the person can or will be able to pay, and shall fix the manner of performance." *Id*. An award of restitution is within the trial court's discretion, and we will reverse only upon a showing of an abuse of discretion. *C.H. v. State*, 15 N.E.3d 1086, 1096 (Ind. Ct. App. 2014), *trans. denied*.

[8] Authority exists for the proposition that failure to object to the imposition of restitution generally constitutes waiver of a challenge to the award on appeal unless the defendant argues that the award was fundamentally erroneous or in excess of statutory authority. *See, e.g., Morris v. State*, 2 N.E.3d 7, 9 (Ind. Ct. App. 2013) (opinion on rehearing). Nevertheless, the vast weight of recent case law indicates that our appellate courts will review a trial court's restitution order even where the defendant did not object. *See, e.g., Iltzsch v. State*, 972 N.E.2d 409, 412 (Ind. Ct. App. 2012), *aff'd in relevant part*, 981 N.E.2d 55 (Ind. 2013); *Rich v. State*, 890 N.E.2d 44, 48-49 (Ind. Ct. App. 2008), *trans. denied*. Our preference for reviewing restitution orders even absent an objection is

based on our duty to bring illegal sentences into compliance with the law. *Iltzsch*, 972 N.E.2d at 412. We will not, however, review restitution orders where the defendant has "affirmatively agreed" to the imposition of restitution. *C.H.*, 15 N.E.3d at 1096-97 ("C.H. did not object to the juvenile court ordering him to pay restitution and, in fact, affirmatively agreed to pay the requested restitution" and therefore invited the error). Accordingly, appellate review of the sufficiency of the evidence underlying a restitution order is precluded only when the defendant both does not object and expressly agrees to the terms of restitution.

As set forth above, the State argues that Hardy implicitly agreed to pay restitution in the amount of $1700 by objecting to only a portion of the State's requested restitution. Hardy's failure to object to the other requested restitution was just that – a failure to object. It did not amount to an affirmative agreement by Hardy to any portion of the amount of restitution demanded by the State. Accordingly, Hardy's sufficiency argument is properly before us, and reversal of the restitution order is warranted in light of the complete lack of evidence presented by the State.

On remand, the trial court is directed to hold a new restitution hearing at which the State must present evidence in support of its claimed amount of restitution. *See Iltzsch*, 981 N.E.2d at 56-57. Additionally, the trial court shall inquire into Hardy's ability to pay restitution.

Judgment reversed and remanded.

Robb, J., and Barnes, J., concur.