# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 06 2020, 6:20 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Deborah Markisohn
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Andrew Lee Kimmons,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

February 6, 2020

Court of Appeals Case No.
19A-CR-1887

Appeal from the Marion Superior Court

The Honorable Alicia Gooden, Judge

The Honorable Richard Hagenmaier, Commissioner

Trial Court Cause No.
49G21-1811-F2-39687

**Tavitas, Judge.**

## Case Summary

[1] Andrew Kimmons appeals the trial court's restitution order, which required Kimmons to pay $5,000.00 after Kimmons' guilty plea pursuant to a plea agreement. The State asks us to remand for a new sentencing hearing; however, we reverse the trial court's entry of a restitution order and remand.

## Issue

[2] Kimmons raises one issue on appeal, which we restate as whether the trial court erred in ordering Kimmons to pay $5,000.00 in restitution.

## Facts

[3] On November 10, 2018, Kimmons hit the parked vehicle of Kristin Towe while driving in his vehicle on East Michigan Street in Marion County. Kimmons drove away from the scene of the accident. Law enforcement later found Kimmons in possession of several illegal substances. On November 13, 2018, Kimmons was charged with Count I, dealing in a narcotic drug, a Level 2 felony; Count II, possession of a narcotic drug, a Level 4 felony; Count III, dealing in methamphetamine, a Level 4 felony; Count IV, possession of methamphetamine, a Level 6 felony; Count V, possession of cocaine, a Level 6 felony; and Count VI, leaving the scene of an accident, a Class B misdemeanor, under cause number 49G21-1811-F2-039687 ("Cause 687"). On November 16, 2018, the State filed a notice of intent to file an habitual offender enhancement.

[4] The State also made a motion to consolidate the instant cause, Cause 687, with Kimmons' other pending causes under cause numbers 49G14-1412-CM-055668

("Cause 668"), 49G14-1611-F6-043556 ("Cause 556"), and 49G14-1801-F6-002956 ("Cause 956").

[5] On June 11, 2019, Kimmons entered into a plea agreement in the above cause numbers. Pursuant to the plea agreement, Kimmons pleaded guilty to possession of a narcotic drug, a Level 6 felony, and theft, a Level 6 felony, under Cause 956; and dealing a narcotic drug, a Level 2 felony, and leaving the scene of an accident, a Class B misdemeanor, under Cause 687. In exchange, the State agreed to dismiss Cause 668, Cause 556, and the remaining counts under Cause 687.

[6] The State and Kimmons agreed to the following sentence:

    a. [Cause 956]

    1. Count I

        a. A total sentence of 910 days with

            i. Two (2) years monitored by Marion County Community Corrections Home Detention;

            ii. 180 days suspended with all time monitored by Marion County Probation;

        b. Defendant to pay statutory interdiction fee with amount to be determined by the court;

    2. Count II

    a. A total sentence of 910 days with

        i. Two (2) years monitored by Marion County Community Corrections Home Detention;

    b. 180 days suspended with all time monitored by Marion County Probation; and,

3. Counts to run concurrent.

b. [Cause 687]

    1. Count I

        a. A total sentence of fifteen (15) years

            i. Five (5) years shall [be] executed with placement to be determined by the court after argument from the parties;

            ii. The remaining ten (10) years shall be suspended;

                1. Three (3) years shall be monitored by Marion County Probation;

        b. Defendant to complete substance abuse evaluation and treatment as recommended;

        c. Defendant to pay statutory interdiction fee with amount to be determined by the Court;

2. Count VI

   a. A total sentence of 180 days;

      i. No additional executed time with all remaining time to be suspended;

3. Sentence on [Cause 687] is statutorily consecutive to [Cause 956].

* * * * *

13. This agreement embodies the entire agreement between the parties and no promises or inducements have been made or given to the Defendant by the State which is not part of this written agreement.

Appellant's App. Vol. II pp. 57-58.

[7] On June 11, 2019, the trial court orally accepted Kimmons' plea agreement, finding that: (1) Kimmons "understands his rights"; (2) Kimmons "understands the possible sentencing and fines they are under"; and (3) Kimmons' plea "is freely and voluntarily made and that a factual basis exists" for the plea. Tr. Vol. II pp. 12-13. On July 17, 2019, the trial court held a sentencing hearing. At the sentencing hearing, the State called Towe, who made a victim impact statement. The trial court then asked Towe "how much [Towe] th[ought] the car was worth at the time it was hit," to which Towe responded: "I would say probably around five thousand." *Id*. at 38. Subsequently, while making its oral sentencing statement, the trial court stated: "I am going to award $5,000.00 for

restitution to [Towe]." *Id.* at 48-49. Kimmons' attorney objected to the reward of the restitution award, which the trial court overruled. Kimmons now appeals the restitution order.

## Analysis

[8] Kimmons argues that the trial court erred in entering the restitution order when the plea agreement did not contemplate restitution. The State concedes that the record "does not do a very good job in this case of establishing proof of Defendant's ability to pay restitution," and that the sentencing order is less than clear regarding restitution, and thus, asks us to remand. Appellee's Br. p. 6. In his reply brief, however, Kimmons argues that we should not remand, but, instead, should reverse the trial court's entry of the restitution order because the trial court had no authority to impose it.

[9] "An order of restitution is a matter within the trial court's sound discretion and will only be reversed upon a showing of abuse of discretion." *Archer v. State,* 81 N.E.3d 212, 215 (Ind. 2017) (citing *Bell v. State,* 59 N.E.3d 959, 962 (Ind. 2016)). Indiana Code Section 35-35-3-3(e) states: "If the court accepts a plea agreement, [the court] shall be bound by its terms." *Berry v. State,* 10 N.E. 3d 1243, 1246 (Ind. 2014); *see Vaughn v. State,* 982 N.E.2d 1071, 1073 (Ind. Ct. App. 2013) ("A plea agreement is contractual in nature, binding the defendant, the State and the trial court.").

[10] The State acknowledges that "[t]his Court has held that a trial court cannot order restitution following a plea agreement in cases in which the plea

agreement is silent with respect to restitution." Appellee's Br. p. 6. The State also acknowledges, however, that "[t]his Court has also held that a trial court may order restitution, following a plea agreement, even though the plea agreement was completely silent on the issue of restitution." *Id.*at 7. In support of this statement, the State cites three cases.

[11] The first case is *Huddleston v. State,* 756 N.E.2d 1054 (Ind. Ct. App. 2001) ("*Huddleston 1*"), *vacated on reh'g at Huddleston v. State,* 764 N.E.2d 655, 657 (Ind. Ct. App. 2002) ("*Huddleston 2*").[1] In *Huddleston 1*, our Court "concluded that the trial court abused its discretion in ordering restitution for the lost wages of . . . the mother of the victim" based on insufficient evidence. *Huddleston,* 764 N.E.2d at 657. On rehearing, the State asked that we reconsider our decision because a clerical error prevented entry of appellee's appendix on the docket, which resulted in our Court not having access to this portion of the record. Our Court held in *Huddleston 2* that this portion of the record demonstrated sufficient evidence to support restitution in Huddleston's open plea because the plea agreement specifically "left the issue of sentencing to the trial court's discretion." *Id.* at 657.

[12] In the second case cited by the State, *Gil v. State,* 988 N.E.2d 1231, 1235 (Ind. Ct. App. 2013), the defendant entered an open guilty plea in which sentencing was left to the trial court's discretion. Our Court held that "the trial court did

---

[1] Although *Huddleston 1* was vacated upon rehearing, we cite both to clarify the differences in the opinions.

not abuse its discretion by imposing restitution and a fine because the open plea agreement left sentencing to the judge's discretion."[2] *Gil,* 988 N.E.2d at 1235. In doing so, our Court squarely contrasted an open plea case from cases in which "defendants [were] pleading guilty pursuant to recommended or fixed sentences." *Id.*

[13]   In *Morris v. State*, 985 N.E.2d 364 (Ind. Ct. App. 2013) ("*Morris 1*"), *clarified on reh'g in Morris v. State,* 2 N.E.3d 7, 8-9 (Ind. Ct. App. 2013) ("*Morris 2*"), our Court held: "because the plea agreement was completely silent on the issue of restitution, the trial court lacked the authority to order Morris to pay $14,972.45 in restitution toward the burial expenses of Morris's fiancée, Jennifer, who was killed when she was thrown from the ATV that Morris was operating while intoxicated." *Morris,* 2 N.E.3d at 8. On rehearing, the State argued that our Court should follow *Huddleston* and *Gil* and affirm the restitution order. In *Morris* 2, our Court did reconsider the restitution order stating, "[u]pon careful consideration, . . . Morris's guilty plea was entirely open and left his sentence entirely to the trial court's discretion[; therefore,] the court was free to enter an award of restitution as part of Morris's sentence." *Id.*

[14]   As shown above, these cases are readily distinguishable from Kimmons' case, and the State's reliance on these cases is misplaced. Kimmons entered into a fixed plea agreement, which clearly set forth his sentence and did not include an

---

[2] Our Court did reverse the restitution order, however, as "the record was devoid of any evidence establishing the value" of the stolen property and damages at issue. *Gil,* 988 N.E.2d at 1236.

award of restitution. *See Sinn v. State,* 693 N.E.2d 78, 80 (Ind. Ct. App. 1998) (finding "the trial court erred in ordering [the defendant] to pay restitution when the plea agreement contained no provision allowing such an order"). Accordingly, we "emphasize that plea agreements ideally should be more artfully drafted. . . . if the State wishes to seek restitution." *Morris,* 2 N.E.3d at 9. Based on the record before us, the trial court did not have the authority to enter the restitution order.

## Conclusion

[15] The trial court did not have the authority to enter the restitution order, and thus, we reverse the trial court's entry of the restitution order only and remand with instructions to vacate the restitution order.

[16] Reversed and remanded.

Najam, J., and Vaidik, J., concur.